ADDISON, January, 1836.

Webster vs. Seymour & Joslin.

========

### CHARITY HOLCOMB vs. LOVINUS STIMPSON.

The compromise of a prosecution under the statute relating to bastards and bastardy is a good consideration for a promissory note executed for that purpose by the defendant.

Such a prosecution is a civil suit and may as well be made the subject of a compromise, as any other civil suit, and a promissory note given to effect such compromise, before the birth of the child, cannot be avoided, by showing that the person accused could not have been the father, unless fraud or imposition, in bringing about the compromise, be also shown.

When a promissory note is given to compromise a contingent liability, the note can never be avoided by showing that the maker of the note was not in fact or in law liable.

ADDISON, January, 1836.

In this case defendant was sued upon a note of hand, purporting to be payable to plaintiff for twenty-six dollars, dated August 16, 1834 and to be due and payable on or before the 1st day of January A. D. 1835. The case was tried before a justice of the peace; there was a judgment for defendant and it was appealed to this court.

The defendant offered evidence to show that the note was given, together with the others, upon the plaintiff's having, (upon a prosecution under the act relating to bastardy,) sworn that he was the father of a bastard child, begotten upon her body on the 20th day of November 1833, and upon a settlement or compromise of said prosecution; that he was absent from the state from said 20th day of November 1833, to the 20th day of June A. D. 1834, and that the alleged child was born on the 27th day of September 1834, at a period so far beyond the ordinary term of gestation as to have made it impossible that the oath of said plaintiff could have been true, or that he could have been the father of said child; and contended that upon this showing, the note was without consideration and absolutely void. The plaintiff objected to the evidence and it was rejected by the court, and judgment rendered

Holcomb
vs.
Stimpson.

for the plaintiff on the note. To which opinion of the court defendant excepted.

*P. C. Tucker for defendant.*—The defendant contends that the evidence offered in this case should have been allowed to go to the jury, and that it was there province to determine the fact from such evidence whether any consideration existed for the note or not, at the time it was given. We contend that the consideration of the notes failed altogether, if the defendant was not in fact the father of the child sworn upon him by the plaintiff.

That circumstance being the essential one in determining whether he was the debtor of the plaintiff or not, and the consideration of the note being that indebtedness or liability and nothing else.

If it be said that the giving of the note was an acknowledgement of improper intercourse between the parties, and that that is a good consideration, we reply that such consideration is infamous, and that a promise founded upon it is void.—Chit. on Con. p. 216.

*Woodbridge and Pierpoint for plaintiff.*—1. The plaintiff contends that there was no error in the decision of the county court in excluding the evidence offered by the defendant. By the statute of Vt. p. 366 it is enacted that when any single woman shall be delivered of any bastard child or shall declare herself to be with child, and that such child is likely to be born a bastard she may in either case charge any person in writing and on oath with having gotten her with child and being the father of such child. And the same statute makes the woman a competent witness in the case unless rendered incompetent by conviction of any crime which would by law disqualify her from being a witness in any other case, and the same statute enacts that the woman may settle and compromise any such fornication in certain cases, and this appears to be one.

It will certainly be asking too much to say that after the defendant had executed his notes on this settlement of such prosecution, thereby fully acknowledging his guilt in this manner, to do away the note and thereby preventing the plaintiff from being a witness in the case which by law she is made.

2. A discharge by a mother of an illegitimate child of a prosecution instituted by her under the statute is a good consideration for a note executed by the father in the settlement thereof.—*Havens vs. Hobbs,* 1st Vt. R. p. 286.

3. Defendant cannot avoid a contract or promise to pay the ex-

pense of a bastard child by showing that he is not the father of it, in an action upon such contract.—Com. on Con. vol. 2 p. 354-5.

The opinion of the court was delivered by

REDFIELD, J.—Two questions are made in this case. It is first urged that the compromise of a prosecution for charging defendant with the maintenance of a bastard child is not a good consideration for a promissory note, if in point of·fact the defendant was not the father of the child.

1. It is said if the defendant was not the father of the child, it is to be presumed there had been previous cohabitation between the parties, which remains the sole consideration for the note.—Previous or expected future cohabitation is of itself no legal consideration, but illegal, unless connected with seduction and given on that account, not as the price of illicit cohabitation, but of lost character and abuse. But the compromise of a prosecution of this kind is clearly both on principle and authority a sufficient·consideration for a promissory note.—*Haven* vs. *Hobbs*, 1st Vt. R. p. 236.

A prosecution under the statute relating to "bastards and bastardy," is a civil suit (Gafforry *vs.* Austin Franklin Co. Jan. 1836,) and as such, the complainant, except in one event, has the same power to compromise as in any civil suit. The statute, in denying to the mother the right to compromise, until three months after the arrest of the putative father, or after the overseers of the poor have commenced or controlled the prosecution, or declaring such compromise void or against the overseers of the poor, implicitly recognizes the right of the mother to make a valid compromise in regard to all other persons.

2. It is said, the testimony offered by the defendant and rejected by the court to wit, that defendant had no access to plaintiff for more than ten months prior to the birth of the child, showed, if believed, a total failure, or rather want of consideration.

No doubt a consideration of this character might be impeached by showing fraud and imposition, as that the plaintiff had never been with child and this known to her at the time of the compromise. It might be impeached by showing that the defendant was induced to make the compromise by the improper duress of a *feigned* arrest, or by such threats as would be likely to operate upon the apprehensions of a man of ordinary sagacity. But the consideration clearly could not be impeached by showing a mutual mistake in regard to the facts as was pretended in this case.

It is not necessary to say that the testimony offered by the de-

ADDISON,
January,
1836.

Holcomb
vs.
Stimpson.

ADDISON,
January,
1836.

Holcomb
vs.
Stimpson.

fendant in this case, would not in the estimation of scientific men, render it quite certain the defendant was not the father of the child. The question if submitted to a jury would still be one of great doubt ; for as is said in Roll. Abr. " the law does not appoint any certain time for the birth of a child," 1 Roll. Abr. 356. And in the opinion of the celebrated Dr. Hunter solicited and obtained by the learned editor of the institutes, it is asserted that some " women have been delivered of children more than ten callender months from the conception.—4 Petersdorff. 177.

But however conclusive the testimony might be in any given case to show the defendant could not have been the father, it is a defence which he could not be permitted to set up to a promissory note given to compromise a prosecution, which had been, or was about to be commenced against him in good faith.

The defendant was not deceived. He had all the means of knowledge which plaintiff had. If there was any mistake it was a mutual mistake. There was no condition annexed to the compromise. If the mother had been delivered of two children, which had lived and required support, he could not have been compelled to pay any thing more, and if the child had died at the moment of birth he could not have resisted the payment of the sum stipulated.

It is not true that here has been a failure of consideration. For the notes are not given as the payment of a certain and fixed liability, but for the compromise of a doubtful claim, one object undoubtedly was to get rid of the prosecution, both in its natural and accidental consequences. This was all defendant expected and all he expected by the compromise, and was the consideration of the note now in suit. This consideration has not failed. There is no pretence the plaintiff acted in bad faith, or can now obtain compensation against another. This compromise will be such a declaration of the paternity of her child, as will effectually defeat any attempt to charge it upon another. The defendant too has admitted himself the father, by the compromise, and he cannot now be permitted to contest that fact.

The surceasing of a suit even for a time is always a good consideration for a promise. So also is the compromise of a doubtful claim. And in the latter case the defendant cannot be permitted to resist a recovery on the promise, on the ground, that he was not liable, that facts have now transpired, which will enable him successfully to resist the claim. This would be to disregard the compromise of every doubtful claim, and open every dis-

ADDISON,
January,
1836.

Holcomb
vs.
Stimpson.

pute put at rest by the agreement of the parties, for fresh litigation. It would in fact render it impossible for the parties ever effectually to compromise a matter by contract or agreement. In the present case it will result in a trial upon the merits of the original controversy, with this disadvantage to the plaintiff that her testimony, which the statute makes competent only on the trial of the issue of chargeable or not, could not be received. Such a doctrine could not for a moment be admitted. The case of [Shaw vs. Whittemore, Peaks cases 24, abridged 4 Petersd. 185 is almost directly in point. There the defendant had allowed the mother seven shillings per week for the maintenance of the child, which sum he had paid regularly for some time. On the trial, after proof of defendant's agreement to pay seven shillings, he offered to show that he had now discovered " the right father" of the child. Lord Kenyon said the testimony could not be received.

In New-York it has been held (Steele vs. White 2 . 478.) *Paige*

" That when a person interested in a suit voluntarily compromises the same without any fraud or imposition practiced upon him he cannot be released from the compromise, (even in equity) although he shows it was not beneficial to him or that he had the right to recover in the suit in law." The same principle had been repeatedly recognized in their courts of law before. The decisions which have been had upon wagers at common law recognize the same general principle in one particular, that although the event had actually transpired, still if it was unknown to the parties, and a wager was laid upon the event, it was a good wager.—Boman vs. Boman, 8 Conn 409.—Earl of March vs. Piggott, 5 Bur. 2802.

In Pennsylvania (O'Keason vs. Barclay, 2 Penn. R. 531,) it has been decided that the compromise of an action of slander in which the words laid in the declaration were not actionable, is a good consideration for a note for the payment of money.

Indeed it is a principle too obvious to the perceptions of all, of too universal application, and too generally recognized by adjudicated cases; to require further discussion.

This note being given before the birth of the child and upon a contingent liability, a case might occur in which the defendant would be exonerated from all liability on the note. This would be the case of the overseers of the poor prosecuting on behalf of the town and compelling the defendant to maintain the child. Here would be a failure of the consideration unless the risk of this was to rest upon defendant by the terms of the compromise.

The judgment of the county court is affirmed.