Nov. Term, 1854.

Downs
v.
Donnelly.

---

Downs *v.* Donnelly.

Money voluntarily paid, under a claim of right, with a knowledge of the facts, but under a mistake of law, can not be recovered back.

Thursday, December 7.

APPEAL from the *Posey* Circuit Court.

Davison, J.— Assumpsit by *Donnelly* against *Downs*, before a justice of the peace, to recover a sum of money alleged to have been paid through mistake. The justice gave judgment for *Donnelly*. *Downs* appealed. In the Circuit Court the cause was submitted upon an agreement of facts. They are these:

*Downs*, with others, as security for one *David Ross*, signed the following note, viz.:

"Twelve months after date, we or either of us promise to pay *John Stallings*, administrator of *Wright Stallings*, deceased, 91 dollars and 87 cents, for value received. [Signed] *David Ross, Moses Stallings, Henry Stallings, D. Wilson, Howell Downs*."

*Ross* died, leaving the note unpaid. After his death,

judgment was recovered on the note, upon which *Downs*, in the year 1837, paid 20 dollars, that sum being his part of it. During the lifetime of *Ross*, the administrator of his wife's father retained in his, the administrator's, hands 30 dollars of her money to pay on the note. When *Ross* died, he left with his widow about 40 dollars' worth of personal property. No administration was ever taken on *Ross's* estate. In the year 1851, *Donnelly* and the widow of *Ross* became husband and wife. After this *Downs* called on *Donnelly* for the payment of the 20 dollars, with interest, and threatened to sue and compel him to pay it. *Donnelly*, in reply, said that the law that would force him to pay the money would be very unjust, but rather than be sued and compelled, he would pay it; and for that purpose he would, on the next day, meet *Downs* at *Alfred Hardy's* house. Accordingly the parties met, when *Donnelly* paid *Downs* 30 dollars. To recover that sum this suit was instituted.

Nov. Term, 1854.

DOWNS
v.
DONNELLY.

The Court found for the plaintiff below. A new trial was refused; and judgment given upon the finding of the Court.

The record shows that the payment by the appellee was, in legal acceptation, voluntary. No fraud appears in the transaction. His right of recovery is exclusively based upon an alleged mistake. If that was a mistake of law, it is fully settled that proof of such misapprehension will not enable the party to recover back money voluntarily paid under a claim of right. The construction of law is open to both parties and each is presumed to know it.

No doubt an action can be maintained for money paid, under a mistake on the part of the payer of a material fact; but still, it is incumbent upon him to make affirmatively a clear case. No such case is presented by this record. The facts requisite to a full understanding of the nature and validity of the claim paid by the appellee were all before him. When money is paid under circumstances like these, it can not be recovered back. It would be easy to cite authorities; but the principle is too familiar to require it.

Hovey, J., having been concerned as counsel, was absent.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. P. Hovey*, for the appellant.