BOND v. COATS.

Money paid under a mistake of law, but without fraud and with a full knowledge of the facts, can not be recovered back.

So a promise to pay a supposed debt, though made under a mistake of law as to the party's liability, is binding, and may be enforced.

Saturday,   APPEAL from the Warren Common Pleas.
June 1.
            HANNA, J.—Bond sued Coats for the hire of a mule, three
dollars, and the value thereof, $100.  Answer: 1. Denial.
2. That defendant hired the mule to work on a ferry-boat,
and that without fault on his part, during and in the regular
progress of said work, said mule died from disease.  3. Set-off.
Reply in denial; trial; verdict and judgment for defendant
for thirty-seven dollars.

The value of the mule was proved; its hiring and use for
the purpose named; that it appeared to be sound; that
defendant let one of his hired men have it to ride to a neigh-
boring town, and after it had traveled at a moderate pace
some six miles, it fell down, bled at the nose, and never got
up; that defendant a few days afterward agreed with plain-
tiff to pay him $100 for it, half in six months and half in
one year, for which he was to, but did not, give his notes;
that he had paid on it one horse at forty dollars.

Upon these facts the Court instructed the jury, among other things, in substance, that if the defendant, through a mistake as to his legal rights, promised to pay the plaintiff a certain sum for said animal, and in pursuance of said promise did pay in part, that such promise was not binding, and the amount paid could be recovered back.

Two points are made by appellants: first, that the use of the animal, by the defendant, for a purpose other than that for which he had bailed it, made him liable if it died when in such illegal use; second, even if not so liable, that the promise to pay was binding for the whole amount promised, or at least for the amount paid.

The instructions were as favorable for the appellant as he could ask upon the first proposition. Upon the second, they were as above indicated; and were erroneous. There is no pretense that the defendant made the promise to pay, or the payment on the agreement, under any mistake as to the facts, or fraud in reference to the circumstances. He had full knowledge of them; but alleges he was mistaken as to his rights, in a matter in which he had constituted himself a judge in his own cause, and decided against himself. We are of opinion that the weight of authority is that he can not be now heard to reverse his own judgment. *Bilbie* v. *Lumley*, 2 East, 469; *Skyring* v. *Greenwood*, 4 B. & C. 281; *id.* 715; *Brisbane* v. *Dacres*, 5 Taunt. 144; 9 Cowen, 674; 14 N. Hamp. 383; 2 Richardson, 317; 8 Iredell, 441; 4 Gill. 425; 5 *id.* 244; 1 *id.* 15; 10 *id.* 179; 1 Johns. Ch. R. 512; 2 *id.* 51; 6 *id.* 169; *Downs* v. *Donnelly*, 5 Ind. 496; 4 Blackf. 134; *id.* 356; 10 Peters, 138, 153. All of the cases thus cited recognize the doctrine that money thus paid can not be recovered back; and some of them, upon full consideration, authorized a recovery of money promised under a full knowledge of the facts, but a mistake as to the law. The instruction as to the payment made was certainly wrong, and as to that promised we are of opinion that it was also wrong, in view of the authorities above quoted, and that of 2 Parsons on Con. 556, and note; *The Bank of the U. S.* v. *Daniel*, 12 Peters, 32; and 2 Smith's L. Ca. 404.

May Term,     *Per Curiam.* — The judgment is reversed, with costs.
. 1861.     Cause remanded, &c.

INDIANAPO-     *R. A. Chandler*, for the appellant.
LIS, &c.
RAILROAD CO.     *Gregory* and *Harper*, for the appellee.
v.
WYATT.