## GARRIOTT'S Executor *v.* ABBOTT.

BASTARDY.—Suit upon a promissory note. Answer, 1. That the note was given for the purpose of procuring the release of the infant son of defendant from an illegal arrest on a charge of bastardy, which the plaintiff had preferred against him. 2. That the note was given upon the promise of the plaintiff to enter of record an admission that suitable provision had been made for the support of said bastard child, and that plaintiff had wholly neglected and refused to do so, &c.

*Held*, that the first answer was bad for not showing in what the alleged illegality of the arrest consisted.

*Held*, also, that the second answer was bad for not averring that the promise to enter of record an admission that provision had been made for the child was the only consideration for the note.

APPEAL from the *Washington* Common Pleas.

ELLIOTT, C. J.—*Martha E. Abbott*, the appellee, filed in the Court of Common Pleas a claim against the estate of *Amos M. Garriott*, deceased, founded on four promissory notes for twenty-five dollars each, executed by *Garriott*, in his lifetime, to said *Martha*, by the name of *Martha E. England*.

*Munden*, the executor of *Garriott*, appeared and filed an

answer consisting of five paragraphs. The court sustained several demurrers to the third, fourth, and fifth paragraphs, for the reason that neither of them stated facts sufficient to constitute a defense to the action. Issues were joined on the first and second, and were submitted to the court for trial by agreement of the parties. The court found for the plaintiff, and rendered a final judgment allowing the amount unpaid on the notes. The executor appeals.

The only errors assigned relate to the rulings of the court in sustaining the demurrers to the third, fourth and fifth paragraphs of the answer.

The third paragraph alleges that the notes mentioned in the complaint were given by the decedent to the plaintiff for the purpose of procuring the release of one *Samuel Garriott,* the son of the decedent, who was a minor, from an illegal arrest upon a charge of bastardy, preferred against him by the plaintiff before a justice of the peace, and were given while the said *Samuel* was in the custody of an officer and under duress, wherefore it is claimed that the notes were without any valid consideration.

This paragraph is clearly bad. The allegation that the arrest of *Samuel Garriott* was illegal amounts to nothing, in the absence of proper averments showing how or why it was illegal. It admits that he was arrested by an officer, on a charge of bastardy preferred against him by the plaintiff before a justice of the peace, and that the notes were given by the decedent to procure his release. These facts are sufficient, nothing appearing to the contrary, to raise a presumption that the arrest was made by a proper officer, upon a legal warrant, issued upon a proper affidavit, or in other words, that the arrest was legal.

The arrest of the accused in such cases is directed by the statute, (2 G. & H., p. 624,) and the prosecuting witness is authorized to dismiss such a suit, at any time before final judgment, by entering of record an admission that provision for the maintenance of the child has been made to her satisfaction. 2 G. & H., § 17, p. 628.

The fourth paragraph alleges that the plaintiff was delivered of a bastard child, and filed her affidavit before one *Zachariah Munden*, a justice of the peace of *Washington* county, charging *Samuel Garriott*, the minor son of the decedent, with being the father of said child; that said justice thereupon issued his warrant for the arrest of said *Samuel*, and directed and delivered the same to a proper constable, who thereupon arrested said *Samuel*; that while he was under said arrest and duress, the said decedent executed said notes to the plaintiff, under an express agreement by her, that she would, in open court, enter of record that suitable provision had been made to her satisfaction for the support and maintenance of said bastard child; that after the execution of said notes, the plaintiff wholly neglected and refused to enter of record said admission, and still refuses so to do, wherefore the consideration of said notes has wholly failed.

The fifth paragraph is substantially the same as the fourth.

Section 17 of the bastardy act provides that, "the prosecuting witness may, at any time before final judgment, dismiss such suit, if she shall enter of record an admission that provision for the maintenance of the child has been made to her satisfaction. Such entry shall be a bar to all other prosecutions for the same cause and purpose."

The fourth and fifth paragraphs of the answer allege that the notes were executed by the decedent when his son *Samuel* was under arrest on the charge of bastardy, upon the agreement of the plaintiff that she would enter of record an admission that provision for the maintenance of the child had been made to her satisfaction; they are pleaded as a bar to the whole action, but fail to allege that the promise of the plaintiff to enter the admission of record constituted the entire or only consideration for the notes; on the contrary, it is fairly inferable, from the facts alleged, that it did not do so. The paragraphs show that *Samuel* was under arrest at the time the notes were executed; the dismissal of the suit would discharge him from that arrest,

which was evidently one, if not the principal object sought to be attained by the compromise of the suit and the execution of the notes, and though, in strictness, the plaintiff could only dismiss the prosecution by entering the admission of satisfaction of record, it is not denied but that the prosecution was dismissed, nor does it appear that any other prosecution was subsequently commenced, or that *Samuel* was in any manner injured by the plaintiff's failure to enter the admission of record.

We think the court did right in sustaining the demurrer.

The judgment is affirmed, with five per cent. damages and costs.

*H. Heffren*, for appellant.

*J. A. Ghormley* and *M. C. Kerr*, for appellee.

