## POTTER *v.* MARINE.

PLEADING.—*Bastardy.*—*Answer.*—To a suit upon a promissory note, an answer by the maker that the payee claimed to be pregnant with a bastard child by the son of the maker, and he made the note for the sole purpose

of maintaining the child, and this was the only consideration, shows that the note was given without consideration, and the answer is good on demurrer.

From the Wayne Circuit Court.

*T. J. Study,* for appellant.

*W. A. Bickle,* for appellee.

DOWNEY, J.—Action by the appellee against the appellant, on a promissory note. The note was made by Potter to Mary E. Venard, by her assigned to Philip Venard, and by him to the plaintiff. It was not payable in bank.

The defendant answered in two paragraphs. The first was a general denial. The second averred that on the 13th day of October, 1870, the payee of the note claimed to be pregnant with a bastard child, and also that John Potter, a son of the defendant, was the father of said bastard child, and the defendant, relying upon said fact, that his said son was the father of said bastard child, as being true, and for the sole purpose of providing for the maintenance, support, and education of said bastard child, when the same should be born, executed and delivered to the payee the note sued on, together with four other notes, amounting in the aggregate to the sum of six hundred and fifty dollars, of which sum the defendant says he had paid before the bringing of this suit, to the payee of said note, the sum of two hundred and fifty dollars. And the defendant says that said bastard child lived only ten days after it was born, when it died, and that said sum of two hundred and fifty dollars already paid by him far exceeds the whole amount of expenses incurred in and about the support, maintenance, and education of, and care and attention given, said child before it died; and the defendant further alleges that said notes, including the one sued on, were given solely and exclusively for the purpose of securing the education, support, and maintenance of said bastard child when the same should be born, and for no other purpose or object, and for and upon no other consideration whatever; wherefore, etc.

The plaintiff demurred to the second paragraph of the

answer, for the reason that it did not state facts sufficient to constitute an answer, and the demurrer was sustained.

To this ruling of the court the defendant excepted, and final judgment was rendered for the plaintiff.

The ruling on this demurrer is assigned as error.

The case of *Potter* v. *Earnest*, 45 Ind. 416, was on one of the other notes executed when this one was executed, and that case and this one are alike as to the answer in question in this case. This is conceded, and counsel for the appellant asks us to overrule that case on this point. Counsel says, " If the pleader had stated that the note was given without any consideration whatever," etc., " the question would have been fairly presented."

We understand the learned judge who delivered the opinion in that case to say, in substance, that the paragraph of the answer showed a want of consideration. He says the promise " was a naked gratuity on the part of the appellant to furnish the amount to her for the education, maintenance, and support of the natural child of his son. He was under no legal obligations to aid in its support. He gained nothing, and she lost nothing, by the transaction. She neither surrendered nor postponed her claim or right to prosecute the alleged father of her child." The judge cites cases to show that a note given in consideration that the mother would not prosecute, or for a release of the alleged father of the child from liability, would be on a sufficient consideration. If there was a consideration for the note, it may be alleged and shown in avoidance of the answer. We are content to follow the case of *Potter* v. *Earnest* on the point in question in this case.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrer to the second paragraph of the answer.