## MOORE v. MOORE.

PROMISSORY NOTE.—*Conveyance of Interest in Intestate's Lands.—Mistake as to Extent of that Interest.—Special Finding.—Settlement.—Covenant.—* In an action on a promissory note, the court found specially, that a promissory note for a certain amount had been executed to the plaintiff, by the defendant, for the unpaid purchase-money of the plaintiff's undivided interest in the real estate of his intestate ancestor; which was calculated at a certain proportion and specified price and conveyed by a warranty deed; that, in a partition suit, it had been decreed that the defendant took, under his conveyance from the plaintiff, a less proportion in such lands than had been estimated by the plaintiff and defendant; that, on settlement, the old note was surrendered, and the note in suit was executed for an amount less than the former equal to the diminution of the defendant's interest in such land, under such deed; and that all these facts were equally well known to the plaintiff and defendant, when the note in suit was executed.

Moore v. Moore.

*Held,* as a conclusion of law, that no mistake appears, and that the plaintiff should recover the full amount of the note.

From the Henry Circuit Court.

*J. T. Mellette, E. H. Bundy* and *M. E. Forkner,* for appellant.

*T. B. Redding* and *J. Brown,* for appellee.

NIBLACK, J.—The complaint in this case was in three paragraphs. The first was upon a note for four hundred dollars. The second was upon a note for ten dollars. The third was upon an account.

The defendant answered in six paragraphs. The fifth paragraph was in general denial. All the others set up special matters in defence. A demurrer was sustained to the second paragraph of the answer, and replies were filed to the first, third, fourth and sixth paragraphs.

The court tried the cause and, at the request of the defendant, made a special finding of the facts. The leading facts, as they were found, may be briefly stated as follows :

1st. That there was due the plaintiff, on the second and third paragraphs of his complaint, the sum of $28.70.

2d. That Philip Moore, late of the county of Henry, had died seized of several tracts of land, describing them ; that he left eight children, the plaintiff, John W. Moore, and the defendant, Miles M. Moore, being two of such children ; that, on the 10th day of October, 1874, the plaintiff and his wife executed to the defendant a warranty deed for one undivided eighth part of the lands of which the said Philip Moore died seized, estimated at fifty-five acres, in consideration of the sum of $2,970.00 ; that, of this latter sum, the defendant paid to the plaintiff the sum of $2,000.00, and gave him his note for $970.00 ; that afterward partition of the lands left by the said Philip Moore was made between his heirs, and that upon such partition, after taking into consideration advancements to such heirs which had been made in unequal amounts,

there only remained to the defendant, as the grantee of the plaintiff, lands of the value of $2,400.00 ; that afterward, on the 19th day of June, 1875, the plaintiff and defendant met for the purpose of adjusting difficulties which had arisen between them upon the plaintiff's deed and out of said partition proceedings, and mutually came to the conclusion that there ought to be a reduction of $570.00 upon the amount of the purchase-money for the lands conveyed to the defendant, thus leaving only the sum of $400 as the balance due the plaintiff; that thereupon the defendant executed to the plaintiff a note for said sum of $400.00, which is the note described in the first paragraph of the complaint, and the plaintiff surrendered to the defendant the note, above referred to, for the sum of $970.00 ; that such settlement was made in good faith, and was free from fraud, and that the facts were known and equally known to both parties.

From these facts the court came to the conclusion that the plaintiff was entitled to recover the full amount of the note sued on in the first paragraph of the complaint, making due on all the paragraphs the aggregate sum of $505.70. Judgment was accordingly rendered against the defendant for that sum.

The defendant has appealed and assigned error :

1. Upon the sustaining of the demurrer to the second paragraph of his answer ;

2. Upon the conclusion of law at which the court arrived from the facts as found by it.

The appellant has not presented any argument in support of his first assignment of error, and hence no question arises upon that assignment which we are required to consider.

In support of his second assignment of error, the appellant insists that the facts as found by the court show that the note for $400.00, sued upon, was, by mistake, given for

$280.00 too much, and that hence, to that extent, the note is without consideration, but the facts upon which he relies to sustain himself in that position are in no manner indicated by his brief.

In our reading of the special finding of the court, we are unable to give it the construction contended for by the appellant, and, in the absence of any indication as to the particular facts to which he desires to direct our attention, we have thought it unnecessary to set out the facts specially found, at greater length.

The court found that the facts, upon which the settlement referred to was made, were known and equally known to both the parties. This tends to negative the idea that there was any mistake as to the facts upon which the statement was based. If the supposed mistake was as to the legal rights of the appellant, arising upon a certain condition of facts, then the mistake was one of law merely, against which he was not entitled to relief. *Barnes* v. *Bartlett*, 47 Ind. 98; *Kinnaman* v. *Pyle*, 44 Ind. 275; *Nelson* v. *Davis*, 40 Ind. 366; *Telle* v. *Green*, 28 Ind. 184; *Downs* v. *Donnelly*, 5 Ind. 496.

No mistake of any kind has been brought to our attention by the appellant.

The judgment is affirmed, at the appellant's costs.