<hr/>

No. 7531.

MEDCALF v. BROWN.

PLEADING.—*Consideration.*—*Promise not to Sue.*—*Bastardy.*—A promise not to prosecute a charge of bastardy against the maker of a note is a good consideration.

Medcalf *v.* Brown.

SAME.—*Answer.*—An answer, that a note was given in consideration of such promise, and that the promise had been broken by the institution of a prosecution, would be good if it alleged that the promise was the sole consideration, otherwise not.

From the Warrick Circuit Court.

*G. L. Reinhard* and *W. W. Medcalf,* for appellant.
*W. M. Hoggatt* and *G. T. Burton,* for appellee.

WOODS, J.—Action upon two promissory notes, and to foreclose a mortgage made to secure the payment of the notes. The appellee filed an answer of two paragraphs, which, upon demurrer by the appellant for the want of facts, the court held good. To the second paragraph of the appellant's reply, the court sustained the appellee's demurrer for want of facts, and, the appellant declining to plead further, gave judgment for the appellee.

The appellant, making no point upon the fact that the court gave judgment in disregard of his first paragraph of reply, which was a general denial of the answers, has assigned error upon the rulings on the demurrers.

In the first paragraph of his answer, admitting the execution of the notes and mortgage, the defendant alleges, that, at and before the execution thereof, the plaintiff was pregnant with a bastard child, and claimed that the defendant was the father thereof, and threatened to make complaint thereof on oath, in writing, before some justice of the peace, and to procure his arrest upon said charge ; that by reason of such threats, and to procure his peace and quiet, he was induced to execute said notes and mortgage, with the express stipulation and agreement upon the part of the plaintiff, that she would not institute any proceedings against him for bastardy, nor proceed against him in any form of legal procedure ; that by reason of said promise and agreement upon the part of the plaintiff, and upon such express consideration, he executed said notes and mortgage, but in disregard

of her promise and agreement, after receiving the notes and mortgage, the plaintiff did, on the — day of ——, 1878, file her sworn complaint in writing, before a justice of the peace of said county, charging this defendant with being the father of her said bastard child, and cause a warrant to be issued for the defendant's arrest, which proceeding is now pending before said justice of the peace.

In the second paragraph of his answer, the appellee, admitting the execution of the notes and mortgage, alleges, that, at and before the time of their execution, the plaintiff, being pregnant with a bastard child, wrongfully, falsely and corruptly claimed that the defendant was the father thereof, and for the illegal, unjust and corrupt purpose of wrongfully extorting money from him, threatened him with arrest and prosecution for bastardy, and, by means of such accusation and false and malicious threats, he was induced to execute said notes and mortgage; that he never at any time had sexual intercourse with the plaintiff and could not by any possibility have been the father of said child. Wherefore, etc.

The promise of the appellant not to sue or prosecute the defendant was a sufficient consideration for the notes and mortgage which he made to the plaintiff. *Harter* v. *Johnson*, 16 Ind. 271; *Abshire* v. *Mather*, 27 Ind. 381. If the notes were given for that consideration alone, the breach of the promise not to sue, as set forth in the first paragraph of the answer, must be regarded as a complete defence. It is suggested by counsel for the appellant, that the answer does not show that the appellee was arrested or otherwise harmed by the prosecution instituted by the appellee; but that, as we conceive, can make no difference. The appellant, having given his notes solely in consideration of the appellant's promise, is not bound by his promise unless she has kept hers. It is not open to inquiry whether the breach of her promise caused any pecuniary damage to the appellee.

Other considerations, such as the desire to avoid publicity and scandal, may have been the controlling motives which induced the appellee to give his obligation; and, whatever his motives, he is entitled to receive the consideration for which he bargained. The more serious objection made to the paragraph is, that it does not show that the appellant's promise was the sole consideration for the notes. Under the familiar rule, that matters not distinctly averred and left open to presumption must be taken against the pleader, this objection seems to be well made. *Garriott's Ex'r* v. *Abbott*, 28 Ind. 9.

The second paragraph of the answer, if conceded to be otherwise good, is subject to the same objection. It is not averred that the facts therein stated constituted the sole inducement, nor is it fairly inferable, under the rules of pleading, from what is alleged, that there was no other consideration for the making of the notes.

It is not necessary to consider the reply.

The judgment is reversed, with costs, and with instructions to sustain the demurrer to each of said paragraphs of answer, giving leave to amend.