No. 14,059.

. MOON v. MARTIN.

PROMISSORY NOTES.—*Discontinuance of Bastardy Proceedings the Considera-tion.—Action for Cancellation.*—Where a defendant against whom bas-tardy proceedings have been instituted by a female pregnant at the time, with full knowledge of all the facts, in consideration that the pro-ceedings be discontinued, executes promissory notes to the prosecutrix, whereupon the suit is dismissed, he can not after the birth of the child, asserting that he is not the father, maintain an action for their cancel-lation. *Spahr* v. *Hollingshead,* 8 Blackf. 415, distinguished.

SAME.—*Consideration.—Complaint.*—In such action a complaint is technic-ally bad which does not allege that the settlement of the bastardy pro-ceeding was the only consideration for which the notes were given.

CONTRACT.—*Consideration.—Compromise of Suit.—Estoppel.*—Where there is an actual subject of dispute, and a suit has already been instituted, if the parties meet fairly, and upon equal terms, with equal knowledge, or means of knowledge, of all the facts, and, without fraud or duress, make a settlement, which is followed by a discontinuance of the suit, the com-promise or discontinuance will be a sufficient consideration for a prom-ise to pay money, without regard to the ultimate right of the case. Such a settlement estops both parties from any further litigation of the mat-ter in dispute.

From the Howard Circuit Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for ap-pellant.

*J. W. Cooper, B. F. Harness* and *W. C. Overton,* for ap-pellee.

MITCHELL, C. J.—This was an action by Alpheus W. and Barclay Moon against Rosa Martin, to procure the cancella-tion of certain promissory notes alleged to have been exe-cuted by the plaintiffs in order to procure the dismissal of a bastardy proceeding instituted by Rosa Martin against Al-pheus W. Moon.

It is averred that the defendant instituted proceedings be-fore a justice of the peace of Howard county, in February, 1887, in which she charged that she was then pregnant of a

bastard child, begotten by Alpheus W. Moon, and that she caused a warrant to be issued for his arrest. It is averred that she represented that the child of which she was then pregnant would be born in May, 1887, and that she well knew at the time that it would be born in two or three weeks from the time she caused his arrest. It is averred that the plaintiff, Alpheus W. Moon, never had sexual intercourse with the defendant; that at the time the child was begotten, assuming that it was begotten nine months before the date of its birth, he was absent from the county in which she resided, and could not have been the father of the child. It is alleged further, that in order to procure the dismissal of the bastardy proceedings instituted against him, he paid the defendant $50 in cash, and executed five promissory notes for $50 each, payable to the defendant, with Barclay Moon as surety; that the defendant well knew at the time she instituted the proceedings, and received the notes, that the plaintiff, Alpheus W. Moon, was not the father of the child with which she was then pregnant, and that the bastardy proceeding was fraudulently instituted against him for the purpose of harassing and extorting money from him, and that the notes were obtained by fraud and without any consideration whatever. The propriety of the ruling of the court in sustaining a demurrer to the complaint is the only question for consideration.

The rule is too thoroughly settled to be now departed from that "A promise to give something for the compromise of a claim, about which there is merely a dispute and controversy, and for which there is no legal foundation whatever, is not sufficient to sustain a suit at law." *Jarvis* v. *Sutton*, 3 Ind. 289. *United States Mortgage Co.* v. *Henderson*, 111 Ind. 24, and cases cited; *Emery* v. *Royal*, 117 Ind. 299, and cases cited.

Where a disputed claim is compromised upon the basis that one party is liable to another, if it afterwards turns out that there was, in fact, no foundation whatever upon which

to rest a claim, a promise made by one party who is thus claimed to be liable, but who clearly is neither liable in law nor equity, could not be enforced because it would not be supported by a sufficient consideration. Where, however, there is an actual subject of dispute, and a suit has already been instituted, if the parties meet fairly, and upon equal terms, with equal knowledge, or means of knowledge, of all the facts, and, without fraud or duress, make a settlement, which is followed by a discontinuance of the suit, the compromise and discontinuance will be a sufficient consideration for a promise to pay money, without regard to the ultimate right of the case. Such a settlement estops both parties from any further litigation of the matter in dispute. *Jones* v. *Rittenhouse*, 87 Ind. 348; *Stewart* v. *Ahrenfeldt*, 4 Denio, 189; *Feeter* v. *Weber*, 78 N. Y. 334; *Griswold* v. *Wright*, 61 Wis. 195 (3 Am. and Eng. Encyc. of Law, 837); 32 Alb. L. J. 178.

Thus, in *O'Keson* v. *Barclay*, 2 Penr. & W. 531, an action for slander was compromised by the defendant agreeing to give a certain sum to the plaintiff; it was held that there was a sufficient consideration for the promise, although the words laid in the declaration were not actionable. *Nicewanger* v. *Bevard*, 17 Ind. 621; *Baumier* v. *Antiau*, 31 Mich. 31.

It is conceded that the payee of the notes was pregnant at the time she instituted the bastardy proceedings against the appellant, and that she was subsequently delivered of an illegitimate child. The paternity of the child having been charged upon the appellant, in a verified complaint lodged with the proper tribunal, there was an actual subject of dispute in litigation between the parties. Although there are some general averments in the complaint to the effect that the prosecutrix well knew that the appellant was not the father of the child, and that the prosecution was instituted for the purpose of harassing and extorting money from him, and that the notes were fraudulently procured without any valid consideration, there are no facts alleged from which it

can be said that the prosecution was instituted in bad faith, or that the appellant was in any wise misled, or that he did not have as full and complete knowledge of all the facts as did the person with whom he was dealing.  *Spahr* v. *Hollingshead*, 8 Blackf. 415, is distinguishable from the present case.  In that case a bastardy proceeding had been instituted by a female who was not pregnant at all, for the conceded purpose of frightening the defendant into a marriage of the prosecutrix against his known inclination.  The prosecution was wholly groundless and without any foundation, there being an entire absence of a subject of dispute.  It was held, the compromise of the suit having been obtained by fraud, and the party seeking to be relieved from it having tendered a release of all benefits thereof, and offering to give the full right to recommence the bastardy proceeding, that the settlement would be set aside on account of the fraud practiced upon the person arrested.  In the present case the prosecutrix was actually pregnant.  She instituted a suit against the appellant in order to secure the maintenance and support of her child.  The latter, with full knowledge of all the facts, agreed, in consideration that the proceedings against him be discontinued, to pay a certain sum for the support of the child, and the prosecution was dismissed accordingly. The consideration paid and agreed to be paid for the settlement and discontinuance of the suit, was for the benefit of the child.  The public interest was also involved in the compromise.  These constituted a sufficient consideration to uphold the notes.  The interest of the child as well as the public interest demanded that if the appellant was not the father of the child, and was not liable to make provision for its support, he make it so appear when the proper statutory proceedings were instituted against him.  After assuming to make provision for the support of the child and securing the discontinuance of the proceedings against him, he will not now be heard to say he was not liable to make provision for its support, when by lapse of time or for other

reasons it may be impossible to maintain bastardy proceedings against him or any one else.  *Thompson* v. *Nelson,* 28 Ind. 431; *Bond* v. *Coats,* 16 Ind. 202.  There is a difference between compromising a suit that has been instituted in good faith and settling a claim asserted by one against another.

The compromise and settlement of a suit would be an idle and mischievous ceremony if, after a discontinuance had been secured, the very matter in dispute remained open and could be pleaded as a good defence to the notes given in settlement.

The complaint is technically bad for the further reason that it is not alleged therein that the settlement of the bastardy proceeding was the only consideration for which the notes were given.  *Medcalf* v. *Brown,* 77 Ind. 476; *Garriott* v. *Abbott,* 28 Ind. 9.

The judgment is affirmed, with costs.

