Marshall *et al. v.* Bell.

Filed May 27, 1891.

---

No. 106.

## MARSHALL ET AL. *v.* BELL.

BASTARDY.—*Dismissal of Prosecution.—Note.—Consideration.—Death of Child.* —Where the father of a bastard child gives to the mother a promissory note for the purpose of maintaining the child and securing the dismissal of the bastardy proceeding, the death of the child shortly after its birth will not defeat the collection of the note on the ground of a failure of consideration.

SAME.—*Reduction of Judgment.*—Section 996, R. S. 1881, which provides that the judgment may be reduced by the court upon the death of the child before the expiration of the time limited for the last payment, does not provide for any reduction where notes are given as above.

From the Henry Circuit Court.

*J. H. Mellett* and *G. H. Koons,* for appellants.

*J. Brown* and *W. A. Brown,* for appellee.

REINHARD, J.—This is an action upon a promissory note executed to the appellee in settlement of a bastardy proceed-

ing. An answer and cross-complaint were filed, showing that the sole consideration of the note was the support and maintenance of the bastard child, of which the maker of the note was the father; that the child died about three months after its birth; that it was worth not over fifty dollars to care for and support the child up to the time of its death, which amount had been paid by the father, and that the note in suit, together with other notes given for the same purpose, ought to be cancelled, etc.

Upon issues joined there was a trial, and finding for the plaintiff below, and after the overruling of a motion for a new trial judgment was rendered and an appeal taken. The overruling of the motion for a new trial is the only error complained of. The only ground assigned for a new trial which is argued in the appellant's brief is that the finding is not sustained by sufficient evidence.

The question thus made by the record is whether the appellant who is the father of the bastard child is entitled to a cancellation of the notes, or at least to a reduction in the amount for which they were given, on account of the death of the child at such early age, or whether appellants are liable for the full amount of the notes.

The evidence tends to show that the note in suit, with five others, aggregating six hundred dollars, was given while the appellee was pregnant with a bastard child, of which the appellant George R. Marshall was the father. The prosecution had been set on foot, and the trial commenced, when, in consideration of the dismissal of the suit, and stopping of all further proceedings, and an entry of satisfaction on the docket of the justice before whom the case was pending, the notes were executed, with the other appellant as surety.

It is conceded by appellants that if the notes had been given before arrest and before the commencement of the bastardy proceedings, and solely to avoid a prosecution, the consideration would be such that the payee could recover on the notes. There is no escape from this conclusion under the authority of

the case of *Harter* v. *Johnson,* 16 Ind. 271.  But the appellants contend that there is a well marked distinction between that case and the case at bar in this, that in the case at bar the sole consideration for the notes was the support and maintenance of the child, which, by the death of the latter, has now failed; while, in the case cited, the sole consideration was to avoid a bastardy prosecution ; that, in the case in hand, the settlement is a complete bar to any future proceeding for the support of the child, while, in the other case, the mother could at any time have instituted proceedings in bastardy and recovered judgment notwithstanding the notes.

While there is some apparent force in this argument, we do not regard it as at all conclusive.  We think the court was justified, from the evidence, in finding that there was a twofold consideration for these notes, and that they were given not only for the support of the child, but also for the settlement and in compromise of the bastardy proceeding, and to avoid further prosecution and expense of litigation.

The difficulty with the appellants is they assume that the notes were given for the sole consideration of the support of the child.  This is the gist of their answer and cross-complaint, but, as we have seen, there was evidence tending to support the view, which must have been taken by the court, that this was not the only consideration.  We can not weigh the evidence in order to decide whether or not the court rightfully determined what the disputed testimony really proved.

" If there was a valid consideration for the note when it was given, we do not think the death of the child as alleged in the answer would defeat the collection of the note, on the ground of a partial failure of consideration.  It was a risk assumed by the payee.  No one could tell how long the child might need care, or how much it would cost to maintain and educate it.  The amount of the several notes given

Marshall *et al. v.* Bell.

was the sum which the appellant agreed to give for those purposes." *Potter* v. *Earnest,* 45 Ind. 416. See, also, *Potter* v. *Marine,* 50 Ind. 444.

In the case from which we make the above quotation the question came up as one of pleading. The paragraph of the answer to which the language was applied alleged that the notes in suit were given exclusively for the purpose of securing the support and education of the bastard child, which died ten days after it was born; that the expense and trouble for that purpose was but small, and had been entirely paid and enough over to amount to $250, the notes being for $700. Though the paragraph was held good because it was pleaded by the father of the defendant in the bastardy proceedings, who had executed the notes simply as a gratuity for the support of the son's bastard child, when the defendant's father was under no legal obligation to make such support, yet the court expressly state that as a plea of failure of consideration the death of the child itself, as alleged in the paragraph, would not avail.

In *Garriott* v. *Abbott,* 28 Ind. 9, the court says: "The fourth and fifth paragraphs of the answer allege that the notes were executed by the decedent when his son Samuel was under arrest on the charge of bastardy, upon the agreement of the plaintiff that she would enter of record an admission that provision for the maintenance of the child had been made to her satisfaction; they are pleaded as a bar to the whole action, but fail to allege that the promise of the plaintiff to enter the admission of record constituted the entire or only consideration for the notes; on the contrary, it is fairly inferable, from the facts alleged, that it did not do so. The paragraphs show that Samuel was under arrest at the time the notes were executed; the dismissal of the suit would discharge him from that arrest, which was evidently one, if not the principal object sought to be attained by the compromise of the suit and the execution of the notes, and though, in strictness, the plaintiff could only dis-

miss the prosecution by entering the admission of satisfaction of record, it is not denied but that the prosecution was dismissed, nor does it appear that any other prosecution was subsequently commenced, or that Samuel was in any manner injured by the plaintiff's failure to enter the admission of record."

The court here expressly holds that the dismissal of the prosecution and the discharge from arrest, which it infers from the answer, constituted a valuable consideration for the notes.    In the case at bar, as we have seen, the court had evidence from which it must have found that there was a similar consideration for the notes in suit.

Appellant contends that, as the statute (section 996, R. S. 1881) authorizes a reduction of a *judgment* by the court which rendered the same, in case of the death of the child before the expiration of the time limited for the last payment, therefore a reduction ought to be made also where notes are given.    A complete answer to this argument would be that the statute makes no provision for any reduction in the case of notes.

If the defendant in that proceeding desired to claim the benefits there might be in such a judgment to him, he should have allowed the case to proceed to judgment.    But the sole foundation of such a judgment is the support and maintenance of the child, while, as we have endeavored to show, the consideration for the notes is not only that, but also the dismissal of the suit and discharge of the defendant from custody.  The courts can not be asked to determine just how much was intended for the one purpose and how much for the other.  The putative father in such cases has hired the mother to take the task of supporting the child from his hands into her own, and this she undertakes to perform, whether the child lives one day or twenty-one years.   If the amount agreed upon were insufficient to meet the actual demand for such support, we suppose no one would claim that an additional amount could be recovered from the father after satis-

faction had been entered of record. We see no reason why the rule should not operate both ways.

If the amount had been paid by the father in money, we apprehend that on the death of the child in early life he could not sue and recover back any portion of it. See Thompson v. Nelson, 28 Ind. 431.

It is doubtless true that in case of a judgment the property is in the child, and the mother is only a trustee. This can not be true in a case where notes are given to the mother of a bastard child in compromise of the proceedings. The law recognizes her right to make such compromise and to assume, in consequence thereof, the burden of supporting the child herself. Whether, in case the woman proved faithless to her obligation, equity would follow the fund, and set apart a portion of it to the support of the child through a guardian, we need not now decide.

We think the evidence tends to support the finding, and the court committed no error in overruling the motion for a new trial.

The judgment is therefore affirmed.

Filed May 26, 1891.