Leverenz v. Haines.

# GUSTAV LEVERENZ

## v.

# JOHN C. HAINES.

1. DELIVERY BOND — *what constitutes.* The owner of personal property having assigned the same for the benefit of his creditors, the assignee was about to take the property into his possession, when the assignor, desiring to retain it for a time, proposed to get some one to become responsible for it, if he would not remove it. Accordingly, the assignor procured a third person to execute to the assignee a paper, in which he acknowledged the receipt of the property from the assignee, and agreed to deliver the same to him by a given day, or, in default thereof, to pay him a certain sum of money. That instrument was held to have the force and effect of a delivery bond.

2. MONEY DEMAND — NOTE — *what constitutes.* And the party executing it failing to deliver the property at the time stipulated, by the non-performance, the demand became a money demand. It became, by its terms, a note for the payment of the money.

3. CONSIDERATION — *what is sufficient.* The fact that the property was suffered to remain in the possession of the assignor, by reason of the execution of the instrument mentioned, was a good consideration to support it.

4. Besides, by the instrument, the assignee was prevented from taking possession of the property, and that was a sufficient consideration. He gave up a right, which he could have exercised, in consideration of the undertaking.

5. A waiver of any legal or equitable right, at the request of another party, is a sufficient consideration for a promise.

6. POSSESSION — DELIVERY. The party executing the instrument mentioned, never took actual possession of the property, but allowed it to remain in the assignor's possession, at his request. This was a sufficient delivery to the former, and the possession of the assignor was his possession, for the purposes of the instrument.

APPEAL from the Circuit Court of Cook County; the Hon. GEORGE MANIERRE, Judge, presiding.

This was an action of assumpsit instituted in the court below, by John C. Haines, against Gustav Leverenz. The declaration contained two counts; the first alleged the making and delivery by the defendant of the following instrument, and a non-performance of its conditions.

CHICAGO, ILL., Nov. 19, 1859.

Received of John C. Haines the following personal property, to wit: Six spring seat hair cloth chairs, two spring seat hair cloth sofas, one rocker or rocking chair, one marble top table, one parlor stove, six maple cane seat chairs, one small writing desk and stand, one wash stand, with drawers, two common looking glasses, two brussels parlor carpets, one brussels hall carpet, one cooking stove, eight common windsor chairs, one picture and frame, one dining table, one buttering press, one kitchen table, one ice box, four sets parlor window curtains and trimmings, one stair carpet, seven bed room windsor chairs, one walnut bureau, two feather beds and bedding, one bed room wash stand, one hall table, one bay horse, two buggy wagons, one cutter sleigh and two sets single harness, and to have the use of the same until the first day of June next, and to use the same in a careful manner, and I do agree to deliver all of said property above enumerated to the said John C. Haines or his legal representatives, in as good condition as it now is, at the residence of said Haines, in the city of Chicago, on or before the first day of June, 1860 (next); and, in default of such delivery, at the time and place aforesaid, in the condition aforesaid, time being material, and of the essence hereof, for value received, I promise to pay to said John C. Haines, or to his order, the sum of four hundred dollars, with interest thereon, from this date, at the rate of six per cent. per annum.

G. LEVERENZ.

*Second.* The common count for money had and received. Issues were made up, and tried by a jury.

The circumstances under which the instrument sued upon was executed, as developed in the testimony, were as follows:

On the 20th of June, 1859, David C. Rawleigh, being the owner and in possession of the property mentioned in the instrument, most of it consisting of his household furniture, executed an assignment thereof, in the usual form, to the plaintiff, Haines, for the benefit of his creditors, providing therein that the property was conveyed " in trust, nevertheless, and to and " for the uses, interests and purposes following, that is to say, " that the said party of the second part, shall take possession

"of the property hereby assigned or intended so to be, and "shall, with all convenient diligence and dispatch, sell and dis- "pose of the same at public or private sale, as he may deem "most beneficial to the interests of the creditors of the said "party of the first part, and convert the same into money," "and shall, &c., collect all the debts, &c.," "and with and out of "the proceeds of such sales and collections, pay the creditors."

Haines, the assignee, being about to take the property into his possession, under the provisions of the assignment, and Rawleigh desiring to retain the possession for a time, the latter proposed to Haines to procure some one to become responsible for the property, if he would not remove it. To this Haines assented, and the instrument sued upon was accordingly exe- cuted by Leverenz, the defendant, at the instance of Rawleigh, and delivered to Haines, who thereupon left the property in the possession of Rawleigh, where it remained, by the permis- sion of Leverenz, all the while, up to the commencement of this suit.

After the expiration of the time fixed in the instrument for the delivery of the property, Haines called upon Leverenz for the payment of the money. Leverenz declined to pay the money, or to deliver the property. Thereupon Haines instituted this suit.

Upon this state of facts, the court below instructed the jury on behalf of the plaintiff, as follows:

1st. That the assignment, David C. Rawleigh, to the plain- tiff, read in evidence, bearing date 20th day of June, 1859, entitled the plaintiff to, and gave him the right of immediate possession of the property enumerated in said instrument, in writing, read in evidence as against said Rawleigh, and con- ferred on the plaintiff the right to dispose of the same to the defendant, in the manner in which he did, by instrument, in writing, introduced in evidence.

2d. If the jury find, from the evidence, that the goods and chattels in question were transferred to the plaintiff, and that he was entitled to the possession thereof at the time of the exe- cution and delivery of the instrument declared on; and if the

jury further find that the plaintiff was about to take possession thereof, and that thereupon Rawleigh procured the defendant to execute said instrument, and that Rawleigh, after the execution of the same, by arrangement with the defendant, continued in possession of said goods and chattels, then the possession of Rawleigh was the possession of the defendant, and it became and was the duty of the defendant to deliver up the goods to the plaintiff, or pay the sum of money, according to the condition of said instrument. The arrangement between Rawleigh and the defendant, if proved, constituted a sufficient delivery to entitle the plaintiff to recover for a violation of his agreement.

3d. If the jury find that the property enumerated in said instrument, in writing, declared on and read in evidence, was in possession of said Rawleigh, and that plaintiff was about to take possession at the time the defendant executed the same, with the consent and instance of Rawleigh, and thereupon the defendant voluntarily consented to allow Rawleigh to retain the possession thereof, then this was a sufficient delivery by the plaintiff to the defendant to entitle the plaintiff to recover in this action.

The defendant asked the court to give the following instruction, which was given as amended by the court, by inserting the words in italics:

If the jury believe, from the evidence, that plaintiff gave to defendant the right of possession of the property, yet, if the jury further find said John C. Haines did not, in fact, give defendant the actual possession " *or control* " of the property, and that said defendant has not ever been in the actual possession " *or control* " of said property in question, then the law is for the defendant, and he is entitled to your verdict.

The defendant asked the following instructions, all of which were refused:

1st. If the jury believe from the evidence, that the property in question never came to the possession of the defendant Leverenz, then the law is for the defendant and he is entitled to your verdict.

2d. If the jury believe from the evidence, that the plaintiff held the property in question only as the assignee of D. C. Rawleigh, and for the benefit of said Rawleigh's creditors, then the law is for the defendant and he is entitled to your verdict.

3d. If the jury believe from the evidence, that the plaintiff John C. Haines in his personal character never had title to or possession of the property in question, and that D. C. Rawleigh had such title and right of possession as against said Haines individually, and that the same has always remained in said Rawleigh's possession, then the law is for the defendant and he is entitled to your verdict.

4th. If the jury believe from the evidence, that at the time of the execution and delivery of the writing in question by the defendant to the plaintiff, that the property therein mentioned was in the actual possession of D. C. Rawleigh, and has ever since remained in his possession, and that he refused to deliver it up, then the consideration for such undertakings and promise by the defendant to plaintiff has failed and the defendant is entitled to your verdict.

5th. If the jury believe from the evidence, that the defendant signed the paper sued upon by request of David C. Rawleigh, and that he received no other consideration from plaintiff, then the law is for the defendant and he is entitled to your verdict.

7th. The court was asked to instruct, that plaintiff could not recover unless defendant was proved to have received the property in question, that the proof or pretense of any other consideration would not do.

8th. The court was asked to instruct if the jury found the facts, that plaintiff being the assignee of Rawleigh for the benefit of his creditors and had not taken possession of the property, he was not the owner and could convey no title to defendant.

10th. The court was also asked to instruct, if the jury found the facts, the plaintiff being the assignee of Rawleigh of the property in question for the benefit of his creditors, placed such property by said paper sued on beyond his reach and the

reach of the creditors until June, 1860, then said obligation was void and contrary to the statute.

Exceptions were taken by the defendant to the rulings of the Circuit Court upon the instructions. The jury returned a verdict for the plaintiff for $430.65. Motion for a new trial was overruled, and a judgment entered upon the verdict. Thereupon the defendant took this appeal.

The questions presented by the assignment of errors,'are: *First*, What is the force and effect of the receipt on which this action is founded? *Second*, Was there any, and what, consideration to support it?

Mr. A. GARRISON, for the appellant.

Mr. H. P. SMITH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the court:

There is but one point in this case pressed upon the attention of the court, and it is this: what is the force and effect of the receipt on which the action is founded?

The language of it is clear and unequivocal, and amounts, in our judgment, to a delivery bond. It is objected by the appellant, that no consideration appears in it, and therefore it is not binding on the party signing it. In answer to this, we say, if a consideration was necessary to support such an agreement, it may be found in the fact that the property was suffered to remain in the possession of Rawleigh, and that was a good consideration. Besides, by the receipt, the appellee was prevented from taking possession of the property, and that is a sufficient consideration. He gave up a right, which he could exercise, in consideration of this undertaking of the defendant. He has been deprived of valuable property, by means of the agreement, which he surrendered only through and by force of this agreement. A waiver of any legal right, at the request of another party, is a sufficient consideration for a promise, or of any equitable right. 1 Pars. on Cont. 369; *Stebbins* v. *Smith*, 4 Pick. 97; *Smith* v. *Weed*, 20 Wend. 184, and numerous other cases are referred to in the note.

This property was withdrawn from the control of appellee, and transferred to that of the appellant, by force of the agreement or receipt, who permitted it to remain with Rawleigh, at Rawleigh's instance and request. The appellant failing to deliver the property at the time stipulated, by the non-performance, the demand became a money demand, as expressed in the receipt. It became, by its terms, a note for the payment of money.

The instructions given by the court were in accordance with these views. Those asked by the appellant, being variant therefrom, were properly refused. The one given for him was as favorable as he had a right to ask.

Perceiving no error in the judgment, it must be affirmed.

*Judgment affirmed.*