## BARTLETT and others v. SMITH.

*(Circuit Court, D. Minnesota. June Term, 1883.)*

COMPROMISE AS CONSIDERATION FOR DEED—SUIT FOR BREACH OF CONTRACT—EVIDENCE.

A. engages in option deals with B., and loses a certain sum of money therein. A. refuses to pay B., alleging it to be a gambling contract. Suit is brought thereon by B., and the jury find a verdict in favor of A. B. then takes the necessary steps to appeal the case to the United States supreme court. Pending such appeal, A. offers to settle the case and to give B. a certain quantity of land, on condition that no further steps are taken to appeal the case. A. thereupon deeds to B. certain land, making certain representations as to its quality, and B., without seeing the land, gives to A. an instrument settling the case and agreeing to proceed no further therewith. B. afterwards, on seeing the land, declares the same to be worthless, sues A. for breach of contract, and recovers a verdict. *Held*, that evidence as to the consideration of the indebtedness upon which the first suit was brought is inadmissible, and that the settlement or compromise of the litigated question is a valid consideration for the conveyance of the land.

At Law.

MILLER, Justice, *(charging jury.)* The case before you is not a very complicated one, and I hope you will have very little difficulty in arriving at a speedy and satisfactory conclusion about it. It is a very ordinary action for false representations in regard to a contract for a sale of property. Whether the representations were made or not, and whether they were false or not, is for you to determine. I will lay down some of the propositions of law that are applicable to such a case, which the long experience of courts has found to be universal in determining cases of this character.

The first thing I have to say to you is that this transaction between these parties, in which the land was conveyed by the defendant to the plaintiff, stands about the same as if it had been bought and paid for at the time. Not that it stands as if it was paid for by $8,000 in money, but as if it was bought for any agreed sum that would be settled on. This settlement and compromise of a litigated question or of matters in litigation which have not been finished or ended is a valid consideration for the conveyance of the land; and it is immaterial in that view whether the defendant had actually a good defense

or not, because there is always a question which still remains to be tried when a lawsuit is compromised, and it is to avoid the trial of that issue that the parties did compromise, and the parties had a right to make such a compromise and settle their difficulties, and in my judgment the compromise of a lawsuit is a most meritorious consideration for a promise to pay money.

The question, then, for you to consider and determine, is, did Mr. Smith make certain representation to Mr. Mohr, including the letter which was read, in which he said, "I will give you good land?" Did he make such representations in regard to the nature and the character and value of that land so that Mr. Mohr had a right to rely on them, and which were false and deceptive representations? In the first place, it must appear to you that the representations were made, and you are to determine that from the testimony, and as to what these representations were.

Contrary to the view of defendant's counsel here I permitted questions as to the value of the land and the defendant's statement of the value of that land, because, while I admit that where the only question in the case is, was the land of the value that the defendant represented it to be? and where it was apparent that the value as he represented it was a mere matter of opinion, that such a thing alone would not be a foundation for, and would not justify, an action. But where other representations are made as to the quality and character and nature of the property which is subject of the litigation, and there is added to that a statement of its value by the party selling, I think that can go in as one of the representations constituting a fraud, if there had been a fraud in it. What representations, therefore, were made by Mr. Smith in regard to this tract of land, as to its character, its quality, and its value, you are to consider.

The next thing to be considered is, did Mr. Mohr rely on these representations when he made this contract? Because it is not every representation that a man makes in the sale of property that he is responsible for, and must answer for in damages. For instance, if he should say of a horse which he was selling, "This horse is 16 hands high," and the horse was present, and the other party had an opportunity of seeing the horse, and could see the mistake or falsehood, in that case the seller would not be accountable, because the buyer could have seen for himself. And so in a great many things, where the party to whom the representations are made could have an opportunity of examining for himself, it is his duty to examine for himself, and not to rely on what the other party says. There are many cases, and it is for you to say if this is one of them, in which the party makes these representations, and the other party does not seek to verify them at all. It may be too far away, or he may know nothing of the character of the thing to be sold. He may take the man at his word and say, "You say this property is so and so; you say in regard to this land that it is good arable land, and that it is good

meadow land, and that it is worth ten to fifteen or twenty dollars an acre, and I take your word for it, and take your value of it upon that representation." A party has a right to do that. If the seller makes representations as to the quality and character of the article he is selling, and the buyer buys upon that representation, relying upon the statements of the seller, then the seller is responsible for the truth of what he says. It is not necessary that it should be absolutely true, but it is necessary that the seller should believe it to be true. If he states that he thinks it to be so and so, and it turns out to be otherwise, he is not responsible. If it is not done with an intent to deceive the party buying, and the seller does not try to deceive him with false representations, he is not responsible. If he says it is so and so, and that he believes it to be so, then he is not responsible, even if it turns out to be otherwise. So the things that you are to inquire into are: What representations did Mr. Smith make? Were these representations as to the value of the land the main feature that induced Mr. Mohr to make this contract? Did Mr. Mohr make the contract relying solely and exclusively upon those representations? Were these representations correct or incorrect? Were they true or were they untrue? Were they false or were they sound? If they were false, did Mr. Smith know or believe them to be false? Did he intend to deceive? These are the criteria by which you will determine this question.

If you find from the evidence that Mr. Smith did not intend to deceive Mr. Mohr in this matter,—did not intend to make any false representations in regard to the character and value of this property; if you find that he believed the substance of what he said in a general way,—believed what he said about that land; and if you believe that the property is about as valuable as Mr. Smith led Mr. Mohr to believe it was,—(one of the witnesses, Mr. Whitford, says he listened to all this transaction, and he said he got the impression from Mr. Smith's statement that the land was worth $10 or $12 an acre,—I commend that statement to you as that of a man who heard the conversation,—and he came to that conclusion. Mr. Mohr said Mr. Smith represented it to be worth $20. Mr. Smith said he gave him the impression it was worth $10, and Mr. Whitford said, from all that was said about it, the impression that it left upon his mind was it was worth $10 or $12 an acre,)—if it was worth $10 or $12 an acre, or pretty near that sum, there is no fraud or deception or wrong about that; that is, if that is what Mr. Smith said, and what he intended to convey. If, on the other hand, this land is utterly worthless, as some of the witnesses say it is, and Mr. Smith represented it to be worth $10 or $15 an acre, and if he made those representations, intending to get the better of Mr. Mohr, he ought to be made responsible. If he is responsible, for what is he responsible? The price put in the deed has nothing to do with it. The question is, if you find anything at all against Mr. Smith, it will be the difference be-

tween the value of the land as he represented it to be, and the value of the land as you find it to be under the evidence. You may never come to that. I do not know that you will. But if you come to the question of damages,—as to how much the damages should be,—the rule is, you are to consider how much the property is worth; if it was just as Smith stated it to be, and what it was worth, as you find it to be under all the testimony in the case.