METCALF v. MILLER.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1901.)

No. 614.

NOTE—CONSIDERATION—ASSESSMENT ON STOCK OF INSURANCE COMPANY.

It being the duty of the insurance commissioner to make requisition for an assessment on the stockholders of an insurance company, to make up the deficiency where its capital has been impaired, and, if the deficiency is not made up, to notify the attorney general to commence action for dissolution of the company (Pol. Code Cal. §§ 600, 601), there is consideration for a note given by a stockholder to satisfy an assessment made pursuant to such a requisition, though the assessment is technically defective.

In Error to the Circuit Court of the United States for the District of Washington.

This is an action upon a promissory note given by the defendant in error to the plaintiff in error. The trial court directed a verdict for the defendant in error on the ground of want of consideration for the note. To reverse this ruling, the case has been brought to this court. The complainant states the diverse citizenship of the parties, and sets up the following note as having been given for a valuable consideration:

"$2,500.00.                                    Oakland, California, Dec. 12th, 1893.

"On or before one year from date, without grace, for value received, I promise to pay to the order of Victor H. Metcalf, at his office, No. 969 Broadway, Oakland, California, the sum of twenty-five hundred ($2,500) dollars, payable in gold coin, and with interest thereon in like gold coin from date until paid at the rate of six per cent. per annum, payable semiannually.

"Mary M. Miller."

It is alleged that the plaintiff in error is still the holder and owner of said note, and that the defendant in error refuses to pay the same. The defend-

ant in error, in her answer, denies that there was any consideration whatever for the said note, and as matter of affirmative defense alleges: That prior to the execution and delivery of said note she was the owner of 50 shares of the stock of the Oakland Home Insurance Company, a California corporation. That by misappropriation of funds for the payment of dividends the capital of said corporation was impaired, and on the 29th day of September, 1893, the insurance commissioner of California, under statutory authority, made a requisition on the company to make good within 60 days the impairment of the stock in the sum of $100,000 by assessment thereon. That on the same date the board of directors of said company, in pursuance of said requisition, passed the following resolution: "Resolved, that an assessment of $50 per share, amounting to $100,000, be, and is hereby, levied upon the capital stock of the Oakland Home Insurance Company, payable immediately, and stock upon which said assessment is not paid on November 15, 1893, shall be delinquent, and advertised for sale at public auction, and, unless payment is made before, will be sold on November 30, 1893, to pay delinquent assessment, together with costs of advertising and expenses of sale." That said resolution or order levying an assessment did not comply with the provisions and terms of section 334 of the Civil Code of California, in that it did not designate to whom and where said assessment was payable. The court below considered this a fatal defect, rendering the assessment illegal, and that there was, therefore, no consideration for the note. Plaintiff in error contends, however, that there was an inchoate liability imposed by the requisition of the insurance commissioner upon the stockholders, and the discharge of this liability would be a valid consideration for a note, without regard to the technical legality of the assessment levied by the board of directors. It is also contended that the evidence tends to show that the note was given in consideration of the advance by various persons of the amount of the assessment upon the stock of the defendant in error, which advance had been made with her full knowledge, and that she chose to avoid litigation, and to discharge this liability impending over her stock, by a promise to pay the money which had been so advanced; that at the request of the lenders, and with the knowledge of the defendant in error, the note was made payable to the order of the plaintiff in error, with the understanding that he was to hold the note, and collect the same, and pay the proceeds thereof to said lenders; that, as a trustee of such express trust, he is beneficially interested in said note. The defendant in error denies the interest of the plaintiff in error in said note, and with regard to the circumstances surrounding the execution of the note alleges that she was a nonresident of California, and unacquainted with the laws thereof; that she was informed by the board of directors of said insurance company that her stock in said company would be sold unless she would give her note for the amount of said assessment, payable to the order of the plaintiff in error; that, relying upon such representations, she executed and delivered the note in controversy; that said statements and representations were false, and were known to be false by said directors at the time they were made, and that said note was, therefore, wholly without consideration.

Charles E. Shepard (Will H. Thompson and George D. Metcalf, of counsel), for plaintiff in error.

E. F. Blaine and Wilmon Tucker, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge, after the foregoing statement of facts, delivered the opinion of the court.

The assignments of error comprise: (1) The admission of certain testimony of the defendant in error with regard to the reasons actuating the making of the note, and stating information received by her thereafter; and (2) the direction to the jury to return a verdict for the defendant in error.

. As the principal inquiry is directed to the question of consideration for the note which is the basis of this action, and as the alleged want of consideration is based upon a charge of fraud, great latitude is to be allowed in the admission of evidence. The nature of fraud is such that it can seldom be established by direct or positive evidence. Generally, it must be inferred from the facts and circumstances attending the particular transaction. It is the rule, therefore, that a person who seeks to prove fraud in a sale or other transaction may show every circumstance in the condition or relation of the parties, and every act or declaration of the party charged with the fraud, which, in the opinion of the judge, bears such a relation to the transaction under investigation as to be in its nature calculated to persuade the jury that the charge of fraud is or is not well founded; and this evidence may include dealings both before and after the time of the transaction under investigation, if tending to establish the fraud charged. 14 Am. & Eng. Enc. Law (2d Ed.) 195, 196, and cases there cited. Parties engaging in a fraudulent transaction frequently pursue such devious courses to conceal their designs, and resort to such subtle practices to mislead their victims, that their schemes cannot be detected unless the door is swung wide open for the admission of all testimony having any possible bearing upon the question. Sonnentheil v. Brewing Co., 172 U. S. 401, 410, 19 Sup. Ct. 233, 43 L. Ed. 492. The assignment of error with regard to the admission of testimony cannot, therefore, be sustained.

The main question for determination is, then, whether or not the trial court committed error in directing a verdict for the defendant in error upon the ground that the illegality of the assessment rendered the note void for want of consideration. Conceding that the resolution levying the assessment was imperfect in form, would such technical defect affect the validity of the note if the purpose of the assessment was a proper one, and the intention of the party executing the note was in accord with such purpose? In other words, was the consideration for the note dependent upon the form of the assessment? The state exercises a supervisory control over the business of insurance through the medium of an officer designated as "insurance commissioner," whose duty it is to issue to parties wishing to engage in the insurance business within this state, who may be found upon examination to be in the solvent condition provided by the insurance laws, certificates of authority to transact their business. Without such certificate, it is unlawful to transact such business. It is the further duty of the insurance commissioner to thoroughly inspect and examine the affairs of persons or companies engaged in such business, and, if found to be insolvent, to revoke the certificate granted, and require the capital of such person or corporation to be repaired by assessments upon the stockholders within such period as he may designate. If, upon such requisition, the deficiency of capital is not made up, the commissioner must communicate the fact to the attorney general of the state, whose duty it is to commence an action against such person or corporation for a decree of dissolution. Pol. Code Cal. §§ 600, 601. The law creates the liability of the stockholders in an insurance com-

pany for any deficiency in the capital stock of the corporation, and the requisition of the insurance commissioner fixes that liability, and sets in motion the proceedings necessary to make up the deficiency and restore the corporation to a solvent condition. When the insurance commissioner has made his requisition, the authority of the insurance company to incur further insurance liability is suspended, and the stock of the corporation is immediately charged with the burden of making the capital stock good. The levy of an assessment upon the stockholders is a part of the procedure for accomplishing that purpose, but, whether the assessment is formal or informal, regular or irregular, it neither creates nor discharges the liability of the stockholder for the deficiency. This legal responsibility has been determined by law prior to the assessment, and it only remains for the corporation, by means of an assessment, to levy and collect from each stockholder his pro rata share of the amount necessary to repair the capital of the corporation. It follows that, when the insurance commissioner has made his requisition upon an insurance company to make good its impaired capital, the liability of the stockholder for the deficiency has been determined and fixed, and the stock is thereafter subject to the incumbrance of the requisition. It would follow it in the case of a transfer, and affect its value as security. From the moment of the making of the requisition by the commissioner, there is imposed upon the stockholders the liability to pay their proportionate amounts of the deficit, or to suffer a total loss by the forfeiture of the charter and consequent dissolution of the corporation. This being true, the liability of the stockholder is not entirely dependent upon the form of the resolution levying the assessment, and, if the defendant in error gave the note in controversy for the purpose of discharging her liability under the requisition of the commissioner, there was undoubtedly a consideration for the note, which could not be defeated by a technical defect in the formal levy of assessment. But the defendant in error, in her affirmative defense, charges that the note was obtained by fraud, through false statements and representations. It is the general rule that whether or not there has been fraud in any given case, and whether there have been false representations by the party charged with the fraud, is a question for the jury to determine in actions of law. Stewart v. Cattle Ranche Co., 128 U. S. 383, 9 Sup. Ct. 101, 32 L. Ed. 439; Bartlett v. Smith (C. C.) 17 Fed. 668. The question of the sufficiency of the consideration for the note not being dependent upon the legality of the assessment, but upon the circumstances and conditions under which the note was executed, the question is one of fact to be determined by the jury from the evidence. Judgment reversed, and the cause remanded for a new trial.