## Henry C. Hackney, Appellant, v. Onorphrion Bock and Lucy S. Bock, Appellees.

### Gen. No. 24,035.

1. GAMING, § 18*—*when note given to brokers and arising out of gambling transaction is based on sufficient consideration.* Even though a note given to brokers arose out of a gambling transaction, it was based upon a sufficient consideration and was valid, where such note was given in settlement of a pending suit by the brokers against the principals, and the collateral originally deposited with the brokers as security for the purchase of stocks was returned.

2. COMPROMISE AND SETTLEMENT, § 11*—*when settlement by note of claim in litigation is conclusive.* A settlement by note of a pending suit by a broker against his principals for the amount of loss sustained on stock sold in the market estops both parties from any further litigation of the matter in dispute.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH P. RAFFERTY, Judge, presiding. Heard in this court at the March term, 1918. Reversed and remanded with directions. Opinion filed November 11, 1918.

MILLER, STARR, BROWN, PACKARD & PECKHAM, for appellant; DON C. WRAY and THOMAS McCALL, of counsel.

H. J. ROSENBERG and JOSEPH ROSENBERG, for appellees; IRVING ZIMMERMAN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

On December 18, 1915, plaintiff had judgment for $886.92 by confession entered upon a note made by the defendants payable to the order of plaintiff. Subsequently, on motion of defendants they were allowed to appear and defend, and upon trial before a jury, under instructions from the court, a verdict was returned finding the issues against the plaintiff, upon which judgment was entered from which plaintiff appeals.

The trial judge was of the opinion that the note arose out of a gambling transaction and, instructing the jury upon this theory, held that plaintiff could not recover. We are of the opinion that the court was in error in its conclusion that this was a gambling transaction. However, even if this were the fact, another consideration would prevent defendants from raising this as a defense.

The evidence shows that on April 20, 1915, Lucy S. Bock, one of the defendants, placed an order with plaintiff, a broker, for certain stock and deposited as collateral security, bonds of the value of $5,000. This order was complied with and the stocks were delivered to a New York firm of brokers who were acting as agents for the plaintiff. About the same time Onorphrion Bock also gave plaintiff an order to buy stock of the same company, which was done. Subsequently there was a drop in the market price of this stock and it was sold, leaving plaintiff with a claim against the defendants for the amount of the loss. Defendants refusing to pay, suit was brought against them in the Municipal Court for the amount claimed by plaintiff. This was pending on November 17, 1915, on which date the parties met and agreed to a settlement of their differences. This was effected by the defendants giving the judgment note now in question, on condition that plaintiff would dismiss his suit in the Municipal Court and return to defendants their securities, which was accordingly done.

Regardless of the question of the validity of the original transaction, it is a sufficient and binding consideration for the new note that the pending suit was dismissed and the collateral security returned; such a settlement estops both parties from any further litigation of the matter in dispute. Among the many cases sustaining this are *Bartlett v. Smith,* 17 Fed. 668; *Leverenz v. Haines,* 32 Ill. 357; *Cassell v. Ross,* 33 Ill. 245; *Honeyman v. Jarvis,* 79 Ill. 318; *Grant & Kelly v. Chambers,* 30 N. J. L. 323; *Moon v. Martin,* 122 Ind. 211; *Hulse v. Hulse,* 155 Ill. App. 343.

It follows that the note in question was supported by a good and valid consideration, and it was error for the court to instruct to the contrary. The judgment of the Municipal Court will therefore be reversed and the cause will be remanded with directions to reinstate the judgment of December 18, 1915.

*Reversed and remanded with directions.*