ASHBURNE *vs.* GIBSON'S ADM'R.

1. A prosecution for bastardy may be compromised, and the compromise will be a sufficient consideration to sustain an action on a promissory note, and is governed by the same rules applicable to other cases of contract.

*Error to Madison County court.*

Assumpsit on a promissory note.   Verdict and judgment for plaintiff below.

This was an action on a promissory note, given to the party injured, pursuant to an agreement for compromising a prosecution for bastardy; and from the bill of exceptions, it appeared, that on the trial of the cause, it was proved, that the prosecution was carried on to conviction against plaintiff in error after the compromise, by a third person, but in carrying on the prosecution, the payee of the note, according to her agreement, had no agency, and died before a conviction was had.   Plaintiff in error resisted a recovery on the note, on the ground, that the consideration was illegal, and that, in consequence of the conviction, there was a failure of consideration; but the court held the consideration to be legal, and charged the jury, that if the prosecution was carried

on, without the participation of the payee of the note, after its execution, the consideration had not failed—all of which was now assigned for error.

McClung, for plaintiff in error.

Robinson, contra.

GOLDTHWAITE, J.—It is very properly admitted, by the counsel for the plaintiff in error, that he cannot succeed on the first point presented by this case, unless the decision of this court, in the case of Robinson vs. Crenshaw, (2 Stew. & Por. 276,) shall be overruled, as the precise question now raised, was then determined.— Whatever doubts we might entertain, if the question was *res integra*, we feel constrained to abide by that decision, and are not disposed to re-consider it.

As a compromise of a prosecution of this description, is a sufficient consideration, in law, to uphold a promissory note, the other question, as to the failure of its consideration, must be governed by the same rules as are applicable to other cases of contract.

The contract between these parties was reduced to writing, and being before the County court, its duty was to determine and pronounce on the legal effect, which was to be ascertained from the plain and obvious meaning of the terms used. It cannot be denied, that if the plaintiff's intestate had stipulated, as the consideration of the notes, that the bastardy suit should be dismissed, or that no new suit should be commenced or prosecuted, that a failure of consideration would have ensued, if the suit was not dismissed, or was subsequently renewed;

Ashburne *vs.* Gibson,s adm'r.

but she stipulates for nothing of this description; she does not undertake to be active in causing the prosecution to cease, and the utmost effect which can be given to the terms of the contract, so far as she was concerned, is, that she should remain passive. It cannot be disputed, under the decision of the case of Robinson vs. Crenshaw, that if this compromise had been made known to the County court, on the trial of the bastardy suit, it would have constituted a material feature in that case, and ought, and doubtless would have had its proper weight, on the discretion of the court. There being no stipulations on the part of the intestate, to cause the prosecution to cease, and it having been shewn, that she had no agency in conducting it, subsequent to the execution of the notes, there were no facts in evidence before the jury, from which a violation of her contract could be inferred; and the County court was correct, in deciding, that the prosecution of the suit, under the circumstances disclosed, did not cause a failure of the consideration of the note sued on.

There is no error in the record, and the judgment is affirmed.