## MERRITT ET AL. *vs.* FLEMMING.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Every reasonable intendment made, to sustain ruling of primary court.*
The appellate court will make every reasonable intendment to sustain
the action of the primary court, when error does not affirmatively ap-
pear, and it will be presumed, when a demurrer has been sustained by
the primary court, that the causes of demurrer were specified, as re-
quired by the statute ; and when a demurrer has been overruled by the
primary court, the intendment will be made, (the record not showing
the contrary,) that the causes of demurrer were not so specified.

2. *Promissory note given in compromise of bastardy proceeding, recoverable.*
A promissory note executed by one, in compromise of proceedings
against him, for bastardy, is valid, and of sufficient consideration to
sustain a recovery at law. The fact, that the note was made payable to
the mother of the plaintiff in the bastardy proceeding, and the offspring
of the illicit intercourse, comes into the world, still-born, after the com-
promise has been effected, can not defeat a recovery on such a note.

APPEAL from the Circuit Court of Henry.
Tried before Hon. H. D. CLAYTON.

THIS action was brought by appellee against the appel-
lants ; was commenced 26th March, 1866, and was founded
on two promissory notes made by defendants, payable to
the plaintiff. Judgment was rendered against the defend-
ants at the fall term, 1867. On the trial of this cause, as
the bill of exceptions states, "the defendants pleaded in
short by consent, the following pleas, to-wit: 1st. That the
notes, the foundation of this action, were executed and given
by the defendant M. to the plaintiff, in compromise of a
bastardy proceeding, instituted against him by one Mary
H., the daughter of the plaintiff. 2d. That the child with
which the said Mary H. was pregnant at the time of com-
mencing said bastardy proceeding against the defendant
M., and at the time of said compromise, and the execution
and delivery of said notes, was afterwards born dead, and
that the said notes are without any other consideration and

Merritt et al. v. Flemming.

void. The plaintiff demurred to each of these pleas ; which demurrer was sustained by the court, to which ruling the defendants excepted," and appealed to this court, and assigned the same as error.

W. C. OATES, for appellants.

JUDGE, J.—1. One ground upon which it is insisted the demurrer to the pleas should have been overruled, is, that the causes of demurrer were not specified as required by the statute.—Rev. Code, 2656.

It was decided in *Newsom v. Huey*, 36 Ala. 37, that where the record does not affirmatively show that the demurrer was defective in the particular named, this court cannot presume such a deficiency. This adjudication is decisive of the same point in the present case, and is not in conflict with either of the cases cited by the appellants in support of their position.

The first case thus cited, is *Owsley v. The West Point Railroad Company*, 37 Ala. 560 ; the second is *Henley v. Bush*, 33 Ala. 636 ; and the third is *Robinson v. Mendenhall*, 35 Ala. 722. In the first case, the causes of demurrer were specified, and passed upon by the court below ; and nothing was left to this court but to determine upon the sufficiency of those assigned, to meet the defects existing in the complaint ; nothing was left to inference or presumption, in regard to the specification of the causes of demurrer. In the second case, it was held, that inasmuch as the Code requires the grounds of demurrer to be specified, a demurrer to a plea could not be visited upon the complaint. And in the third case, the ground of demurrer assigned was held to be so imperfect as that the demurrer was to be considered a general one, without specifying any grounds, and the judgment below overruling the demurrer was sustained.

It is on the doctrine of reasonable intendments to sustain the action of the primary court when error does not affirmatively appear, that the appellate court will presume, *when a demurrer has been sustained* by the primary court, that the causes of demurrer *were specified* as required by the

statute ; and that *when a demurrer has been overruled* by the primary court, the intendment will be made, the record not showing the contrary, that the causes of demurrer *were not so specified.*

2. The demurrer was rightfully sustained to each of the pleas. More than thirty years ago, it was held by this court, that a promissory note executed by one in compromise of proceedings against him for bastardy, is valid, and of sufficient consideration to sustain a recovery at law. *Robinson v. Crenshaw*, 2 Stew. & Port. 276. And this exposition of the law was subsequently recognized and acted upon in the case of *Ashburne v. Gibson's Adm'r*, 9 Port. 549.

We know of no sound principle, and can conceive of no solid reason, requiring a different result, when the note is made payable to the mother of the despoiler's victim, and the offspring of the illicit intercourse comes into the world still-born, after the compromise has been effected.

Let the judgment be affirmed.