# Martin v. The State.

### Bastardy Proceedings.

1. *Bastardy proceedings; who may compromise.*—The mother of a bastard, after she has commenced proceedings against the putative father, may compromise the case and dismiss the prosecution, and a *bona fide* compromise is a bar to the further maintenance of the prosecution.

2. *Same; compromise of, presumption as to.*—The compromise of a bastardy prosecution is not an admission by the defendant of his guilt; and the jury should, on request, be instructed that they were not authorized to infer the guilt of defendant, because he entered into a compromise.

APPEAL from Jackson Circuit Court.

Tried before Hon. LEWIS WYETH.

This was a bastardy proceeding, commenced against the appellant, John Martin, before a justice of the peace, by one Cynthia C. Barnes. The justice having found appellant to

be the father of the bastard, bound him over to appear at the next term of the Circuit Court.

On the trial in the Circuit Court, the said Cynthia having testified that appellant was the father of the child, he pleaded that since the proceedings had been commenced, the prosecutrix had entered into a compromise with him, whereby, for the sum of two hundred and fifty dollars, she had agreed to dismiss the proceedings against him. It was shown that the defendant and L. C. Coulson, the attorney for the prosecutrix, had entered into the compromise, and he testified that the prosecutrix had given him authority to compromise the matter as he thought best, and that under such authority he had entered into the compromise with the defendant above set out; that he had been paid fifty dollars, and that two notes for the sum of one hundred dollars each, had been given him; that he had informed the prosecutrix of his action in the matter, and had given her the two notes, and that she then expressed her satisfaction at the result, and asked him to retain them in his possession and collect them as they matured. The prosecutrix testified that she authorized the said Coulson to compromise the matter for the sum of three hundred dollars, and that when the notes were shown her she neither assented nor dissented, and that she had never ratified or affirmed his action in taking them; that she carried the notes to the solicitor, who informed her that the case could not be settled in that way, and that she then went on with the prosecution. This was, in substance, all the evidence.

The defendant requested the court, in writing, to charge the jury, "that they have no right to look to the fact that defendant agreed to pay to the relator, Cynthia C., a sum of money in consideration of her dismissing this suit and foregoing any further prosecution against him, as constituting any evidence of his guilt; he had a right to buy his peace without in any manner admitting his guilt, and the jury have no right to put such a construction on this proof." The court refused this charge, and the defendant excepted. He also asked the following written charge: "If the jury find from the proof that Cynthia Barnes, either by herself or any one having authority from her, entered into a contract with the defendant, for a valuable consideration, wherein and whereby she agreed that she would dismiss the prosecution at her own cost, then, if she was twenty-one years old at the time of making said contract and no fraud was practiced on her, she is bound by said contract and can not further maintain this suit, and if the jury find these facts to be true they must find for the defendant." This charge the court refused

[Martin v. The State.]

to give, and defendant excepted. The refusals to charge as requested are now assigned as error.

ROBINSON & BROWN, for appellant.

H. C. TOMPKINS, Attorney-General, *contra.*

STONE, J.—In *Wilson v. The Judge of the County Court of Pike,* 18 Ala. 757, Chief Justice Dargan, delivering the opinion of the court, said: "But for the decisions heretofore made by this court, I should be very reluctant to hold that the mother of a bastard, after she had instituted proceedings against the putative father, could compromise the cause and dismiss the prosecution. I, however, admit that the law is settled in this State that she can, and we can not hold otherwise without overruling decisions that have for a long time been acquiesced in." The court cited in support of this view *Robinson v. Crenshaw,* 2 St. & Por. 276; *Ashburne v. Gibson,* 9 Por. 549. The same principle is reaffirmed in the case of *Merritt v. Fleming,* 42 Ala. 234. We do not feel at liberty or inclined to depart from, or weaken this principle, which has stood so long as the law of this State.

There was a disputed question in the court below, whether the attorney, in concluding a compromise with defendant, exceeded the authority conferred. According to his testimony he did not; but according to the testimony of the mother of the bastard he did. Whether the mother, on being informed of the terms of the compromise, acquiesced in it, was also a question which should have been, and we suppose was, submitted to the jury. These were questions of fact, arising under this line of the defense, which the jury alone could determine under proper instructions from the court.—1 Brick. Dig. 55, § 26. The second written charge asked by defendant should have been given.

The first charge asked for the defendant should also have been given. A compromise made or offered, is not evidence of the justness of the claim agreed or offered to be compromised. Parties sued, or against whom a claim is preferred, may purchase their peace, or otherwise compromise such claim; and if in such negotiation they make no admission of fact material to the maintenance of the claim asserted, such offer or promise can not be received in evidence that the claim made was just.—1 Brick. Dig. 838, §§ 479, 480, 481; *Courtland v. Tarlton,* 8 Ala. 532; *Ex parte Grantland,* 29 Ala. 69.

Reversed and remanded.