(126 So. 174)

**ENGLAND v. STATE.   (5 Div. 770.)**

Court of Appeals of Alabama.   Feb. 11, 1930.

Will O. Walton, of LaFayette, for appellant.

Charlie C. McCall; Atty. Gen., for the State.

BRICKEN, P. J.   This appellant and one John Douglass were jointly indicted, charged with grand larceny of certain enumerated articles of clothing, etc., of the value of $260, the personal property of Lenton S. Phillips. Also for receiving etc., these alleged stolen articles.   And count 3 of the indictment charged these two parties with burglary of the store of said Phillips, etc.

This appellant denied all connection with, or participation in, the commission of said offenses, and the codefendant John Douglass,

upon arraignment pleaded guilty and personally assumed all responsibility in connection with the offenses complained of. He took the witness stand and thus testified in behalf of this appellant, and stated that he alone committed the offenses; that this appellant did not join with him in the commission of said offenses; also that he was alone at the time he burglarized the Phillips' store.

No charges were requested by this appellant, nor was there a motion for a new trial. The question therefore as to the sufficiency of the evidence to convict this appellant was not raised in the lower court, and as no ruling of the trial court on this point was invoked or had, no such question is before us on this appeal.

But the defendant does insist that the court committed error, in several instances, upon the admission of the evidence.

The evidence, without dispute, disclosed that this appellant, and the admitted thief, Douglass, were together on the night in question in a stolen automobile, and that they left the scene of the crime together with the stolen property in the car, and traveled several thousand miles into numerous states together with these stolen goods. That after thus traveling for several weeks they returned near to the neighborhood where the crime was committed and both of them were there found together, their car in the ditch, and they were arrested. The witness Mrs. Agnes Brown testified that her home was near to the Phillips store, and in plain sight thereof, and that on the same night of the admitted burglary of the store, she saw two men, similar in size to the two accused men, in front of the Phillips store under a light, and from all the evidence on the point, a few minutes before the burglary was committed. There were numerous incriminating facts in the evidence which tended to show that both of these men were involved. We have examined each exception reserved to the court's rulings upon the admission of evidence and discover no prejudicial error in any of them. It was competent for the state to show what Douglass said as to his name, and also this appellant's name, at the time they were arrested. It affirmatively appears that this appellant was present and in hearing distance when his codefendant Douglass made the statement. Moreover, nothing hurtful to defendant appears in this connection, and reversible error will not lie unless by the court's rulings the substantial rights of the accused have been infringed.

It was also competent to allow the state to show by its witness Mrs. Brown the relative sizes of the two men she saw standing in front of the store where the burglary was committed about twenty minutes after one o'clock at night.

There was no error in allowing the state to show by state witness Stanford Williams, the owner of the stolen automobile in which these two appellants left that community the night of the burglary, that he had loaned this car to Douglass. The exceptions in this connection cannot prevail.

The cross-examination by the state of witness John Douglass was well within the rules of evidence which allows much latitude; and is also to a great extent within the court's discretion.

The remaining question insisted upon by appellant to the effect that, "the court erred in permitting the solicitor for the state to make the defendant stand up in front of the jury and measure said defendant in the presence of the court and the jury by having defendant stand close to the said witness John Douglass," is not presented for review as no objection was made, nor exception reserved, in this connection. Moreover, the insistence above quoted is not sustained by the record. The record shows that without objection: "At this point at the request of the solicitor the defendant stood up, and the witness, at the request of the solicitor, stood up by him." Furthermore, this appellant was a witness in his own behalf and had objection been made, and exception reserved, to the incident complained of, such error as may have thus appeared would have been cured by the defendant in voluntarily offering himself as a witness, for thereupon it became the duty of the jury to carefully observe the witness and to note his demeanor upon the witness stand. Edgar Sims v. State, ante, p. 387, 126 So. 498.

We find no error upon the trial of this case. The judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.