140 So. 181

**LOONEY v. STATE.**

8 Div. 390.

Court of Appeals of Alabama.

March 1, 1932.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

**BRICKEN, P. J.**

This is a bastardy proceeding, instituted by Coretta Hines before a justice of the peace. The appellant was bound over to the circuit court for trial.

It is first insisted that prejudicial error prevailed by the action of the court in overruling the defendant's motion to quash the proceedings because the appearance bond of the defendant did not require him to appear at the next session of the circuit court. We do not accord to appellant's insistence in this connection. Williams v. State, 113 Ala. 58, 21 So. 463. In that case the Supreme Court held, where a defendant in bastardy proceedings is bound over to the circuit court, the proceedings will not be quashed because of deficiency or irregularity in the bond. Moreover, this statement of the court in the judgment entry shows affirmatively that no injury inured to defendant in this connection. In the judgment entry the court said: "It is thereupon considered by the Court and it is the order and judgment of the Court that said motion is not well taken. It appears to the Court that the words "March Term" as found in the bond did in fact designate the "Next Session" of this Court at the date of the bond according to the order of this Court fixing the sessions thereof, the words "March Term" and next "Session" having the same practical effect. It is therefore considered and adjudged by the Court that said motion be, and the same is hereby overruled and the defendant excepts."

To the complaint the defendant filed pleas 1 and 2, as follows:

"1. Comes the defendant in the above entitled cause and for answer to the complaint filed against him says that the complaint in this cause was not made until July 1, 1929, That on towit: the 16th day of June 1928 Coretta Hines, the mother of the alleged bastard child entered into a contract with the defendant that made a fair settlement with the defendant, the alleged father of said child on a reasonable consideration and she is thereby precluded from now prosecuting defendant in this case which said contract was in settlement of the bastardy proceedings.

"2. Comes the defendant in the above entitled cause and for answer to the complaint filed against him says that the complaint in this cause was not made until July 1, 1929, that on towit: the 16th day of June 1928 Coretta Hines, the mother of the alleged bastard child entered into a contract with the defendant whereby the defendant agreed to pay her the sum of Fifteen hundred dollars in full settlement of all of her rights and those of the alleged bastard child against the defendant for being the alleged father of said child and the defendant avers that the settlement with the mother of said child was fair and on a reasonable consideration and that upon the execution of said agreement by the defendant the said Coretta Hines by and through her duly authorized agents represented to the defendant that his execution of said agreement would stop everything and that there would not be legal proceedings of any kind whatsoever against him."

The court sustained demurrers to said pleas. We pretermit the insistence to the effect that the demurrers were general. In our opinion the pleas set up a valid defense and the court erred in its ruling in this connection. Martin v. State, 62 Ala. 119. In

the Martin Case, supra, the Supreme Court of this state said: "Stone, J.—In Wilson v. The Judge of the County Court of Pike, 18 Ala. 757, Chief Justice Dargan, delivering the opinion of the court, said: 'But for the decisions heretofore made by this court, I should be very reluctant to hold that the mother of a bastard, after she had instituted proceedings against the putative father, could compromise the cause and dismiss the prosecution. I, however, admit that the law is settled in this State that she can, and we can not hold otherwise without overruling decisions that have for a long time been acquiesced in.' The court cited in support of this view Robinson v. Crenshaw, 2 Stew. & P. 276; Ashburne v. Gibson's Adm'r, 9 Port. 549. The same principle is reaffirmed in the case of Merritt v. Flemming, 42 Ala. 234. We do not feel at liberty or inclined to depart from, or weaken this principle, which has stood so long as the law of this State."

"The decisions of this state are uniform to the effect that efforts to compromise cannot be proved as admissions against the party making them. It is true that these decisions have been in civil cases, and in one instance in a quasi criminal case of bastardy. Martin v. State, 62 Ala. 119. But in a criminal case this court, speaking through Brickell, C. J., applies the same reasoning, and gives cogent reasons why courts should be careful about admitting such testimony." Sanders v. State, 148 Ala. 603, 41 So. 466, 468.

▇ Over objection and exception of defendant, the court permitted state witness Joe M. Hines, father of the prosecutrix, to testify as to an alleged confession of the defendant. No attempt was made to lay a predicate, and to show that such confession was voluntarily made. This was necessary under the elementary rules of evidence in order to make this character of evidence admissible.

Other questions are presented but need not be discussed.

For the errors indicated, the judgment of conviction from which this appeal was taken is reversed, and the cause remanded.

Reversed and remanded.