152 So. 259

## VINSON v. STATE.

### 8 Div. 891.

Court of Appeals of Alabama.

Nov. 21, 1933.

Rehearing Denied Jan. 9, 1934.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for bastardy this appeal was taken.

Errors are assigned as the law requires in cases of this character.

On the trial in the court below the defendant offered no evidence. The evidence of the state was amply sufficient to meet the required rule, and therefore to sustain the verdict of the jury and the judgment of conviction pronounced and entered in accordance therewith. Moreover, this question was not presented on the trial, as there was no request for the affirmative charge, nor a motion for a new trial. England v. State, 23 Ala. App. 393, 126 So. 174.

The several insistences relating to alleged irregularities of the appearance bond in the justice of the peace court cannot avail the appellant, as it affirmatively appears he suffered no injury in this connection. Looney v. State (Ala. App.) 140 So. 181.[1] Moreover, it appears from the record that he failed to appear in the circuit court when his case was called, but made default, necessitating the issuance of an alias capias and his rearrest. In addition to what has been said, it has many times been held that a motion to quash the affidavit and warrant comes too late when it is made for the first time in the circuit court or other court of equivalent jurisdiction.

The remaining question relates to the admission of evidence of the confession of defendant without first having laid a proper predicate. The point is presented here for the first time. In other words, no ruling at nisi prius was invoked or had in this connection, as the record shows the witness was allowed to testify without objection, and, so far as this court can know, with the full consent of defendant. In cases of this character the jurisdiction this court has is appellate only. In other words, review here in such cases is limited to those matters upon which action or ruling at nisi prius was invoked or had. The lower court may not be placed in error in the absence of some erroneous and prejudicial. action or ruling by it. Moreover, a proper predicate was laid as to the confession of defendant when the remaining witness for the state gave evidence relative thereto.

We discover no reversible error on the trial of this case in the court below. Its judgment therefore is affirmed.

Affirmed.

