17 So.2d 878

### WELLS v. STATE.

#### 8 Div. 283.

Supreme Court of Alabama.

May 11, 1944.

W. A. Barnett, of Florence, for petition.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and Forman Smith, Asst. Attys. Gen., opposed.

THOMAS, Justice.

The rule has long been established in this jurisdiction that where the affidavit alleges specifically that the accused com-

mitted the offense charged, it is stronger than the allegation of probable cause, and hence was sufficient. Redd v. State, 169 Ala. 6, 53 So. 908.

Objections to the affidavit are not available when raised for the first time on appeal. Vinson v. State, 26 Ala.App. 48, 152 So. 259; England v. State, 23 Ala.App. 393, 126 So. 174.

The petitioner was tried in the circuit court on the charge that before the "commencement of the prosecution he was guilty of the offense of violating Amended Regulation No. 56 promulgated by the Alcoholic Beverage Control Board on towit: February 28, 1941, which rule reads as follows: 'It shall be unlawful for any person * * *, who has not been licensed so to do under the provisions of the Alabama Beverage Control Act, to sell, offer for sale or have in possession for sale, any liquor as that term is defined in the Alabama Beverage Control Act.'

"In that the said John Wesley Wells did sell, offer for sale, or have in possession for sale alcoholic, spirituous, vinous, fermented, or other alcoholic beverages, contrary to law, against the peace and dignity of the State of Alabama."

The Court of Appeals passed upon the case and found the defendant guilty as charged. We have carefully considered the opinion of the Court of Appeals and find no error in the judgment. The petition for certiorari should be and is denied.

Writ denied.

GARDNER, C. J., and LIVINGSTON and STAKELY, JJ., concur.