41 So.2d 636

## ANDERSON v. STATE.
### 7 Div. 25.

Court of Appeals of Alabama.
June 21, 1949.

Irby A. Keener, of Centre, for appellant.
A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

CARR, Judge.

The offense incident to this charge and conviction is using abusive, insulting, or obscene language. Title 14, Sec. 11, Code 1940.

The cause was tried by the court without a jury.

It is insisted in brief of counsel for appellant that the affidavit is insufficient.

■ The question cannot be raised for the first time on appeal. This is attempted here. Wells v. State, 245 Ala. 510, 17 So. 2d 878; Vinson v. State, 26 Ala.App. 48, 152 So. 259.·

■ The evidence for the State amply supports the judgment of conviction. The appellant admitted that he was present at the place in question, but ·denied that he used any abusive language. So, there is presented a disputed factual issue.

The trial judge heard and saw the witnesses. We would be out of harmony with the authorities to disturb his judgment. Peterson v. State, 17 Ala.App. 662, 88 So. 49.

■ ⁋ The record does not show that the defendant was sentenced for the fine and costs.

It is not infrequent that we are required to remand cases for proper sentence or delay the submissions to afford opportunity to correct or complete the records. We call attention to this with the hope that it will be obviated in the future.

The judgment of the court below is affirmed. The cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.

BRICKEN, P. J., not sitting.