51 So.2d 558

### GENTRY v. STATE.

#### 5 Div. 307.

Court of Appeals of Alabama.
March 27, 1951.

Patterson & Patterson, of Phenix City, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was tried and convicted, generally, under an indictment in two counts, the first charging him with the offense of unlawfully ˙distilling alcoholic, spirituous, malted or mixed liquors or beverages, etc., and the second with the offense of having in his possession a still, etc.

No written charges were requested, nor was there a motion for a new trial. In this state of the record the question of the sufficiency of the evidence to sustain the conviction is not before this court. Whited v. State, 27 Ala.App. 466, 174 So. 545; Dotson v. State, Ala.App., 43 So.2d 434;[1] England v. State, 23 Ala.App. 393, 126 So. 174; Lockwood v. State, 33 Ala. App. 337, 33 So.2d 401.

In his brief appellant raises the question of the validity of the judgment and sentence. The pertinent part of the judgment entry is as follows:

"Thereupon came a jury of good ·and lawful men, to-wit: E. M. Sego, Foreman, and eleven others, who being duly empanelled and sworn do upon their oaths say: We the jury find the defendant guilty as charged in the indictment, E. M. Sego, Foreman.

"It is therefore considered by the Court and it is the judgment and sentence of the law that the defendant is guilty as charged in the indictment, and that the State of Alabama for the use of Macon County have and recover of the Defendant the costs in this behalf expended, for which let execution issue.

"And now upon this the 18th day of October, 1949, the Defendant being in open Court, and being asked by the Court if he has anything to say why the sentence of the law should not now be pronounced upon him, says nothing material. It is therefore considered by the Court and it is the judgment and sentence of the law that the Defendant be imprisoned in the Penitentiary of the State of Alabama for a term of three years."

Appellant bases his argument upon the theory that the judgment is defective, and the cause should be reversed, in that, the court in its adjudication of guilt and pronouncement of sentence used the phrase "it is the judgment and sentence of the law," etc. Appellant's contention is without merit. The law is well settled that. a judgment is the "decision or sentence of the law, pronounced by the court." Gray v. State, 55 Ala. 86; Wright v. State, 103 Ala. 95, 15 So. 506.

Eunice Edwards and Robert Holstun, witnesses for defendant, testified they were the owners of the still and defendant had no connection with it.

The court, over the objection of the defendant, permitted State's witnesses Coley and Weaver, to testify that said defense witnesses stated to the officers at the time of the raid that Robert Holstun, Eunice Edwards and Jeff Gentry owned and were operating the still on a third interest basis.

Appellant insists the court committed error in allowing the officers to testify to statements made by the coconspirators in the absence·of defendant.

A proper predicate was laid on cross examination, and the court instructed the jury the statements were admitted sole-₁ ly as affecting the credibility of the wit-

---

I. Ante, p. 59.

nesses. It was competent to introduce evidence to impeach the witnesses by showing prior contradictory statements made to a material matter. Harmon v. State, 166 Ala. 28, 52 So. 348; Davis v. State, 30 Ala.App. 562, 10 So.2d 35; Ray v. State, 32 Ala.App. 556, 28 So.2d 116.

As required, we have examined the record and find no reversible error.

The judgment of conviction is affirmed.

Affirmed.