I agree with the main opinion's conclusion that the lack of verification of a Rule 32 petition does not deprive a circuit court of subject matter jurisdiction to entertain the petition and its decision to overrule Thornton, Coleman, and Kelley to the extent that they held otherwise. I also agree with the following statement in the main opinion:
 "[F]urther research indicates that there is considerable authority calling into question the correctness of our conclusion that an unverified Rule 32 petition has no operative effect when filed, and, in hindsight, we think that that conclusion, although certainly plausible, is not necessarily dictated by the language of Rule 32.6(a)."
918 So.2d at 145. However, I do not agree with the main opinion's conclusion that the lack of a proper verification constitutes only a defect in the form of the *Page 155 
petition.[5] Rather, for the reasons set forth herein, I conclude that the lack of a proper verification is a matter that concerns personal jurisdiction and that is subject to waiver. Therefore, although for different reasons, I agree with the conclusion that the State waived any objection to the lack of verification of the appellant's petition because it did not object on this ground in the circuit court. Accordingly, I respectfully concur in the result.
Black's Law Dictionary 870 (8th ed. 2004) defines "subject-matter jurisdiction" as follows:
 "Jurisdiction over the nature of the case and the type of relief sought; the extent to which a court can rule on the conduct of persons or the status of things."
Black's further defines "personal jurisdiction" as follows:
 "A court's power to bring a person into its adjudicative process; jurisdiction over a defendant's personal rights, rather than merely over property interests."
Id.
 "Objections based on defects in the commencement of the proceeding or in the charge, other than lack of subject matter jurisdiction or failure to charge an offense, may be raised only by pretrial motion as provided in Rule 15.3."
Rule 15.2(a), Ala. R.Crim. P. (emphasis added).
 "Rule 15.2 requires that certain objections be made and defenses raised by motion before trial. Objections to the venire or to an individual grand juror or to the venue must be raised by such a motion before trial.
 "The exceptions are lack of subject matter jurisdiction and failure to charge an offense. The rule is different from Rule 12(b)(2), Fed.R.Crim.P., in that it adds the words `subject matter' before the word `jurisdiction.' This merely expresses the accepted interpretation of the federal rule, since objections to personal jurisdiction can be waived by failure to timely object. See Hess v. United States, 254 F.2d 578 (8th Cir. 1958)."
Committee Comments to Rule 15.2(a), Ala. R.Crim. P. (emphasis added).
Subject matter jurisdiction is conferred by statute and/or rule and may not be waived. See Hamilton v. State, 828 So.2d 957,959-60 (Ala.Crim.App. 2002) (noting that "`[t]he lack of subject matter jurisdiction is not waivable and may be raised at any time by the suggestion of a party or by a court ex mero motu.' Grecov. Thyssen Mining Constr., Inc., 500 So.2d 1143, 1146
(Ala.Civ.App. 1986)"). However, personal jurisdiction involves a court's power to adjudicate a person's rights and may be waived.
It appears that this court and the Alabama Supreme Court have used the terms "jurisdiction" and "jurisdictional" as umbrella terms that encompass the concepts of subject matter jurisdiction and personal jurisdiction.[6] As a result, the distinction between subject matter jurisdiction and personal jurisdiction has been blurred, and both circuit and appellate courts are confused as to the definition and scope of both concepts.
In Ex parte Dison, 469 So.2d 662, 663 (Ala. 1984), the Alabama Supreme Court
 "granted certiorari in order to respond to the following legal question: Whether *Page 156 
an appeal from a conviction of a misdemeanor in district court upon an unsworn DUI ticket and complaint gives the circuit court jurisdiction in a trial de novo and allows the circuit court to verify the complaint, or whether a subsequent judgment of conviction in circuit court is void."
The court concluded
 "that the circuit court did not have jurisdiction in petitioner's trial de novo because the district court judgment was void as being based upon an unverified complaint. Hence, petitioner's conviction in circuit court was itself void."
469 So.2d at 665. On application for a rehearing, Justice Maddox dissented, reasoning as follows:
 "I do not believe the absence of a verification of the traffic ticket rendered it void. As Judge Harwood, who later served on this Court, stated in Pierce[v. State, 38 Ala.App. 97, 77 So.2d 507
(1954), cert. denied, 262 Ala. 702, 77 So.2d 512
(1955)]:
 "`The absence of a verification to a common law
information does not render it void or deprive a court of jurisdiction. . . .' (Emphasis added.)
 "Temporary Rule 16.2(d), Ala. R.Crim. P., which provides that a question of subject matter jurisdiction can be raised at any time, does not apply. The majority quotes the substance of this rule in its opinion and states: `See Comment which explains that subject matter jurisdiction, such as a sworn complaint, cannot be waived; however, personal jurisdiction may be waived.' The Comment to Temp. Rule 16.2(d), Ala. R.Crim. P., does not make any reference to the words `such as a sworn complaint,' which appear in the majority opinion, so I interpret the majority's reference to be an interpretation of the words `subject matter jurisdiction.' A district court has jurisdiction to try traffic offenses such as the one involved here; therefore, I disagree with the majority's interpretation of the words `subject matter jurisdiction.'
 "I am mindful of our state's constitutional provision that the accused is entitled `to demand the nature and cause of the accusation; and to have a copy thereof.' Sec. 6, Ala. Const., 1901. Here, the defendant had a statement of `the nature and cause of the accusation'; it just was not verified. The lack of a verification, in my opinion, was an amendable defect, and did not make the accusation void, nor deprive the court of subject matter jurisdiction."
Id. at 667.
Subsequently, in City of Dothan v. Holloway, 501 So.2d 1136,1137-39 (Ala. 1986), the Alabama Supreme Court overruled Dison, explaining as follows:
 "In Dison, this Court reversed the defendant's conviction for driving under the influence because the ticket issued to the defendant had not been verified before a judicial officer. The opinion in Dison concluded that this lack of verification of the ticket prevented the district court, and subsequently the circuit court on appeal, from obtaining subject matter jurisdiction, and thus, that the defendant's conviction was void. 469 So.2d at 664. There are, however, numerous cases decided prior to Dison that reflect the position that the lack of verification of the ticket would only affect the trial court's ability to obtain jurisdiction over the person and not its ability to obtain jurisdiction of the subject matter. In that respect, the failure to have the ticket verified is a defect that could be waived by the defendant by proceeding to trial in the district or municipal court without objecting to the defect at that time. *Page 157 
 "In Woolf v. McGaugh, 175 Ala. 299, 57 So. 754
(1911), this Court set forth the two elements that are necessary for a trial court to obtain proper jurisdiction to try a case. The Court differentiated the two elements by making the following statements:
 "`Jurisdiction in personal actions depends upon two elements: The subject-matter to be adjudged; the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject-matter, the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court. The other element it acquires by its own act, by its process properly issued and served, or by voluntary appearance of the defendant.'
"175 Ala. at 303, 57 So. at 755.
 "See also, Goulden v. State, 292 Ala. 704, 705, 299 So.2d 325, 326 (197[4]) (citing Woolf, the Court held that the trial court had jurisdiction of the subject matter, i.e., the crime, even though the grand jury foreman had not endorsed the indictment as a `true bill'); Sherrod v. State, 197 Ala. 286, 288, 72 So. 540, 541 (1916) (citing Woolf, this Court held that where a trial court has jurisdiction of the subject matter, `the jurisdiction of the person could be acquired only by service of its process, or a voluntary appearance of the defendant'). The statement made by this Court in Woolf dictates the conclusion that a court obtains jurisdiction of the subject matter by law and not from any action of the court itself. Since that is so, the district court in Dison properly obtained jurisdiction of the subject matter, i.e., the traffic offense of DUI, pursuant to Code 1975, § 12-12-51
(`District court jurisdiction of misdemeanor prosecutions for traffic infractions'). Therefore, the fact that the ticket in the Dison case was not verified would not affect the district court's jurisdiction of the subject matter. Instead, the lack of verification would more directly affect the question of whether the court had obtained personal jurisdiction of the defendant.
 "This interpretation of jurisdiction, as it relates to the issue presented in Dison, is consistent with the view expressed in a number of decisions issued by this Court and the Court of Appeals. Over a century ago, in City of Selma v. Stewart, 67 Ala. 338, 340
(1880), this Court held that a defendant had waived the right to challenge any defects in an affidavit unless he objected to them in the trial court. See also, Blankenshire v. State, 70 Ala. 10, 11 (1881). In the case of Wells v. State, 245 Ala. 510, 17 So.2d 878 (1944), the defendant's attorney argued that an `[a]ffidavit and warrant of arrest [which are] not on oath . . . [are] void. . . .' The affidavit stated that the affiant appeared before a certain person, but the affidavit was sworn to and subscribed by another person. This Court affirmed the defendant's conviction and stated that `[o]bjections to the affidavit are not available when raised for the first time on appeal.' 245 Ala. at 511, 17 So.2d at 878.
 "A similar line of cases has held that, where a defendant has proceeded to trial in an inferior court without demanding a written complaint of the accusation against him, then that defect in the proceedings is deemed to have been waived. In the case of Aderhold v. City of Anniston, 99 Ala. 521, 12 So. 472 (1893), the defendant was arrested without any affidavit being made or an arrest warrant being issued. In the recorder's court (the inferior trial court), the defendant pleaded not guilty, was tried, and was convicted. On appeal to the city court, the defendant argued for the first time *Page 158 
that because the prosecution was begun without an affidavit or warrant he could not be tried for the offense. This Court held that, `not having raised those objections in the Recorder's Court, but having there voluntarily appeared to answer the charge, and having pleaded and gone to trial, the defendant waived them. . . .' 99 Ala. at 523, 12 So. at 472. Accord, City of Birmingham v. O'Hearn, 149 Ala. 307, 309-10, 42 So. 836, 836-37 (1906); Brooks v. City of Birmingham, 31 Ala.App. 579, 581-82, 20 So.2d 115, 116-17 (1944).
 "This is also one of the rationales underlying the decisions of this Court in Ex parte Hood, 404 So.2d 717 (Ala. 1981), and Ex parte Holden, 407 So.2d 182
(Ala. 1981). One of the cases cited in, and relied on by, Hood was the case of Chaney v. City of Birmingham, 246 Ala. 147, 21 So.2d 263 (1944). In Chaney, this Court was requested to answer two questions certified to it by the Court of Appeals. One of the questions was on the subject of what was required to invoke the jurisdiction of the next higher court on an appeal from an inferior court. In responding to that question, the Court stated the following:
 "`[T]hat an accused was arrested and tried in such court without a written complaint (affidavit) does not render the judgment there entered void for want of jurisdiction. [Citations omitted.] This for the reason that he may waive the right. [Citation omitted.]
 "`If the defendant proceed to trial in such court without demanding such complaint he is held to have waived the right and, later on appeal, he cannot for the first time avail of it. [Citations omitted.]
 "`In order to abate the proceedings in the appellate court because of the lack of an affidavit before the recorder the transcript must affirmatively show that objection to trial without one was seasonably interposed when accused was arraigned and tried in the recorder's court.'
"246 Ala. at 151, 21 So.2d at 267-68.
 "See also, McKinstry v. City of Tuscaloosa, 172 Ala. 344, 347, 54 So. 629, 630 (1910) (this Court held that a defendant is deemed to have waived his right to a written complaint setting forth the accusation against him if he does not demand such a complaint before the trial). Accord, Williams v. City of Birmingham, 41 Ala.App. 208, 211, 133 So.2d 713, 716-17 (1961).
 "There are several other opinions issued by the Court of Appeals worth mentioning that support the proposition that the lack of verification of the ticket does not affect a trial court's obtaining jurisdiction of the subject matter. The opinion of the Court of Appeals in the case of Bolling v. State, 21 Ala.App. 244, 245, 107 So. 40 (1925), contained the following statement with respect to the question of the trial court's jurisdiction:
 "`[T]here being no challenge of the affidavit, but a specific agreement by defendant to go to trial thereon, and the circuit court having the original jurisdiction over the crime charged, the defendant is precluded from raising the question of jurisdiction for the first time in this court.'
 "In Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296 (1916), the record on appeal did not contain the affidavit upon which the complaint filed by the solicitor was based. The Court of Appeals held:
 "`The procedure [for trial] presupposes a valid affidavit in the recorder's court; at least it was the right of the defendant to demand a verified complaint in that forum, and his failure *Page 159 
in that behalf has been construed as a waiver, and that the objection came too late upon the trial in the circuit court.'
"15 Ala.App. at 372, 73 So. at 298.
 "There are, of course, a number of decisions issued from this Court and the Court of Appeals that were relied on in this Court's opinion in Dison which have held that a void affidavit will prevent the trial court from obtaining jurisdiction to try the case. See, e.g., Slater v. State, 230 Ala. 320, 162 So. 130 (1935); Kyser v. State, 22 Ala.App. 431, 117 So. 157, cert. denied, 217 Ala. 561, 117 So. 159
(1928). Although the decisions rendered in those cases are not readily distinguishable, we believe that the reasoning applied in the cases cited in this opinion is the most appropriate. The cases we have cited stand for the proposition that a defendant can waive his right to have an affidavit free from irregularities and can even waive his right to have any written statement informing him of the accusation against him, if he does not object to those defects at trial. See, e.g., City of Selma v. Stewart, supra; Chaney v. City of Birmingham, supra. Since those defects may be waived by a defendant if he does not object at trial, they must be regarded as pertaining to a trial court's obtaining personal
jurisdiction of the defendant. This conclusion is inescapable, since a defendant can not be deemed to have waived an objection that the trial court does not have jurisdiction of the subject matter. See, Berry v. State, 28 Ala.App. 446, 447, 186 So. 781, 782 (1939); Temp. Rule 16.2, A.R.Crim. P. See also, Mobile Gulf R. Co. v. Crocker, 455 So.2d 829, 831
(Ala. 1984).
 "This Court does not easily reach a decision to overrule a case, especially one that was so recently decided. However, after a consideration of many of the prior cases involving the issue presented in Dison, we find it necessary to overrule the decision rendered in that case. This opinion should not be construed in any manner whatsoever to condone or sanction the prosecution of an individual pursuant to a UTTC that has not been verified. Under Rule 19, Rules of Judicial Administration, the proper procedure is to have the UTTC verified before the proper official. In overruling the Dison opinion, we are simply holding that if the UTTC is not verified and the defendant does not object to this defect before trial, then the objection to the court's personal jurisdiction of the defendant has been waived."
(Last emphasis added.)
The Alabama Supreme Court further muddied the water with its seemingly inconsistent holdings in Ex parte St. John,805 So.2d 684 (Ala. 2001), and Ex parte McWilliams, 812 So.2d 318 (Ala. 2001), regarding this court's holding in Goldsmith v. State,709 So.2d 1352 (Ala.Crim.App. 1997), concerning the payment of filing fees in connection with Rule 32 petitions.
In Goldsmith v. State, 709 So.2d 1352 (Ala.Crim.App. 1997), Goldsmith filed a petition for a writ of certiorari and a request to proceed in forma pauperis in the Montgomery Circuit Court. The circuit court apparently did not rule on his request to proceed in forma pauperis. Because Goldsmith had not paid the filing fee, the circuit clerk's office did not docket the case or assign a case number to it. However, the circuit court entered an order dismissing the petition, and Goldsmith appealed the circuit court's judgment to this court. This court dismissed Goldsmith's appeal, holding that,
 "in the absence of a docket fee in the amount prescribed in § 12-19-71(3), Ala. Code 1975, or an approved in forma *Page 160 
pauperis declaration, the petition for certiorari review was never properly before the trial court. The order dismissing the petition was a nullity.
 "Contrary to prior holdings of this court, . . . mandamus, and not appeal, is the proper method by which to compel the circuit court to proceed on an in forma pauperis petition.
 "Mandamus is the proper remedy because, absent payment of the filing fee or approval of the in forma pauperis declaration, the circuit court does not acquire subject matter jurisdiction."
Goldsmith, 709 So.2d at 1352-53 (footnote omitted) (emphasis added).
Subsequently, in Ex parte St. John, 805 So.2d 684, 685-86
(Ala. 2001), the Alabama Supreme Court stated:
 "We note in passing that the Goldsmith rule will justify dismissing an appeal of a denial or a dismissal of a Rule 32 petition for lack of jurisdiction in the [circuit] court to enter the ruling only (a) if the record on appeal affirmatively shows that the petitioner did not either pay the [circuit] court filing fee or obtain leave to proceed in forma pauperis before the [circuit] court as required by Rule 32.6(a), Ala. R.Crim. P., or (b) if, before the [circuit] court, the State has challenged a failure by the petitioner to pay the [circuit] court filing fee or to obtain the leave, or the [circuit] court has dismissed the petition on such ground, and either the State or the petitioner has raised such failure as an issue on appeal. Unless such failure is such an issue on appeal, no statute or rule requires the record on appeal to contain proof that the petitioner has paid the [circuit] court filing fee or that the [circuit] judge has granted leave to proceed in forma pauperis before the [circuit] court."
By requiring that the failure to pay a filing fee or obtain leave to proceed in forma pauperis be raised as an issue on appeal, the Alabama Supreme Court appeared to depart from this court's holding in Goldsmith that such failure implicated the subject matter jurisdiction of the circuit court and rendered that court's actions void. Rather, the supreme court implied that such failure implicated only the personal jurisdiction of the circuit court and did not necessarily render that court's actions void.
However, subsequently, in Ex parte McWilliams, 812 So.2d 318
(Ala. 2001), McWilliams filed a petition for a writ of habeas corpus and an "Affidavit of Substantial Hardship" in the Escambia Circuit Court. The circuit court entered an order denying the petition, and McWilliams appealed the circuit court's judgment to this court. We dismissed McWilliams' appeal on the ground that the circuit court's order denying the petition was void because the circuit court had not ruled on McWilliams' request to proceedin forma pauperis or required McWilliams to pay the filing fee.[7] Subsequently, we entered an order taxing the docket fee for the appeal to McWilliams. McWilliams filed a petition for a writ of mandamus with this court, requesting that we set aside our order taxing the docket fee to him. We denied the petition. McWilliams then filed in the Alabama Supreme Court a petition for a writ of mandamus directing this court to set aside its order taxing him with the docket fee. In its decision, the supreme court addressed the propriety of our previous decision dismissing McWilliams' appeal and stated:
 "Section 12-19-70, Ala. Code 1975, requires that a circuit court collect the *Page 161 
docket fee for a postconviction petition at the time the petition is filed, unless the circuit court approves a verified statement of substantial hardship, in which event the docket fee may be initially waived and then taxed as costs at the conclusion of the case. See § 12-19-70(b), Ala. Code 1975; Ex parte Carter, 807 So.2d 534, 536 (Ala. 2001).
". . . .
 "In its unpublished memorandum dismissing McWilliams's appeal from the order of the Escambia Circuit Court purporting to deny his petition challenging his capital-murder conviction, the Court of Criminal Appeals correctly stated that the circuit court could not obtain subject-matter jurisdiction to consider a postconviction petition without first collecting a docket fee or granting a proper request to be allowed to proceed in forma pauperis.
`[A]bsent the payment of a filing fee [required by § 12-19-70, Ala. Code 1975,] or the granting of a request to proceed in forma pauperis the trial court fails to obtain subject matter jurisdiction to consider a postconviction petition.' Carpenter v. State, 782 So.2d 848, 849 (Ala.Crim.App. 2000) (citing Goldsmith v. State, 709 So.2d 1352, 1352-53
(Ala.Crim.App. 1997)). See also, e.g., Ex parte Beavers, 779 So.2d 1223, 1224 (Ala. 2000). Thus, the Court of Criminal Appeals correctly determined that the order of the Escambia Circuit Court purporting to deny McWilliams's postconviction petition was void. E.g., Carpenter, supra, 782 So.2d at 850; Goldsmith, 709 So.2d at 1353."
McWilliams, 812 So.2d at 320-22 (footnote omitted) (emphasis added).[8] Thus, the Alabama Supreme Court returned to theGoldsmith holding that the failure to pay a filing fee or obtain leave to proceed in forma pauperis implicated the subject matter jurisdiction of the circuit court and rendered that court's actions void.
In deciding the case before us, the main opinion concludes that the lack of a proper verification of a Rule 32 petition constitutes only a defect in the form of the petition and overrules prior decisions that had considered the lack of verification to deprive a circuit court of subject matter jurisdiction to entertain the petition. Interestingly, the main opinion does not address the issue in terms of personal jurisdiction, as did the Alabama Supreme Court in City of Dothanv. Holloway. In my view, the Alabama Supreme Court's differentiation between subject matter jurisdiction and personal jurisdiction in City of Dothan v. Holloway is instructive.
By virtue of §§ 12-11-30(2) and 12-12-51, Ala. Code 1975, and Rule 32.1, Ala. R.Crim. P., the court of original conviction has subject matter jurisdiction to entertain a Rule 32 petition. Therefore, I agree with the main opinion's conclusion that the lack of verification of a Rule 32 petition does not deprive a circuit court of subject matter jurisdiction to entertain the petition and its decision to overrule Thornton, Coleman, andKelley to the extent that they hold otherwise.
A Rule 32 petition is somewhat of an anomaly in criminal law because most criminal proceedings are initiated by the State. However, a convicted defendant, *Page 162 
rather than the State, initiates a Rule 32 proceeding by filing a Rule 32 petition. In so doing, he submits himself to the jurisdiction of the court for an adjudication of his rights. Therefore, although a petitioner should comply with the verification requirement set forth in Rule 32.6(a), Ala. R.Crim. P., if the State does not object on this ground, it would be illogical for a reviewing court to conclude that the petitioner did not submit himself to the jurisdiction of the court simply because he did not verify his petition. In my view, based on my reading of City of Dothan v. Holloway, the lack of a proper verification of a Rule 32 petition is a matter that concerns personal jurisdiction over the petitioner and that is subject to waiver. Therefore, because the State did not object to the lack of verification in this case, the Jefferson Circuit Court, which was the court of original conviction, had jurisdiction to entertain the petition because any personal jurisdiction defect was waived.
For these reasons, I respectfully concur in the result.
[5] I also do not agree with the main opinion's attempt to support its conclusion by citing the law regarding petitions for writs of habeas corpus and writs of error coram nobis and the Alabama Rules of Civil Procedure.
[6] It also appears that the courts have sometimes used these terms when the more appropriate term would be "authority."
[7] We also noted that McWilliams should have filed his petition in the Montgomery Circuit Court, where he was convicted, because his claims were cognizable in a Rule 32 petition.
[8] The supreme court also held that, because the petition should have been filed in the Montgomery Circuit Court, we should not have dismissed McWilliams' appeal. Rather, it held that we should have reversed the Escambia Circuit Court's judgment and remanded the case with instructions that that court transfer the petition to the Montgomery Circuit Court. Therefore, the supreme court held that McWilliams would not have been subject to the docket fee. *Page 897